TIMOTHY RENEW, plaintiff in error, *vs.* CHARLES S. DARLEY *et al.*, defendants in error.

1. On August 10th, 1859, a verdict was rendered in favor of B. and wife against R. "for the premises in dispute, and $200 00 for rent," on a bill filed by B. and wife against R., claiming one undivided half of a certain lot of land, to-wit: one hundred and one acres. Upon this verdict a decree was entered in favor of the complainants for fifty-one and a half acres off the southeast corner, and fifty-one and one-half acres off the northwest corner of said lot, also for the rent, and direct-·ing the sheriff to place the complainants in possession. An attempt was made to divide the lot in accordance with this decree, but R. objected, as it interfered with his possession which he had held for many years under his deed, and under a division had between him and B. and wife many years before the filing of said bill. Nothing more appears to have been done towards the enforcement of said decree, except that R. paid the $200 00 for rent and abandoned all that part of the land which B. and wife claimed under the original division. On February 2d, 1870, a writ of possession was ordered to be issued on said decree to put one S., who was not a party to the same, in possession of the southeast corner of said lot. R. filed his bill to reform said decree and to enjoin said writ of possession. The Court charged the jury that if R. knew of the decree, he had delayed too long in filing his bill to reform the same, to be allowed the relief prayed for. This charge was error.

2. The statute of limitations applicable to bills of review was suspended from November 30th, 1860, to July 21st, 1868.

3. The jury cannot, by their verdict, enjoin the complainant, where no cross-bill has been filed by the defendant containing a prayer therefor.

Equity. Bill of review. Statute of limitations. Before Judge CLARK. Sumter Superior Court. April Term, 1873.

For the facts of this case, see the decision.

JOHN R. WORRILL, for plaintiff in error.

HAWKINS & HAWKINS, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, in the nature of a bill of review, to reform a decree rendered on the equity side of the Court in the county of Sumter,

Renew *vs.* Darley *et al.*

for error apparent on the face of the record and decree.    The bill is imperfectly drawn, but the object of it is to have the decree rendered against the complainant in 1859 reformed and its execution enjoined.    On the trial of the case, the jury found a verdict in favor of the defendants and a perpetual injunction against the complainant.    A motion was made for a new trial, on the several grounds set forth in the record, which was overruled, and the complainant excepted.

It appears from the evidence in the record that in the year 1832, the complainant purchased from the drawer thereof, lot of land number twenty-seven in the twenty-seventh district of Sumter county, and during the same year he sold one-half of said lot to Butler, as trustee for his wife, Mary, and the parties went into the possession of the same and divided the land, by agreement, between them—that is to say, complainant should have seventy acres in the northeast corner of the lot, and thirty acres in the southwest corner thereof, and Butler was to have seventy acres in the northwest corner of said lot, and thirty acres in the southeast corner thereof, which division was marked off by the parties, and the lines so marked are visible at the present time.    Both parties built and made improvements on their respective portions of the land, and Butler, after residing on his part of the land for about ten years, moved away and left the same in charge of and under the control of complainant, as a friend, to manage the land for the benefit of his wife, the parties being brothers-in-law. Some time after Butler and wife left, the part of the land claimed by them was levied on and sold for Butler's debts and purchased by complainant, who claimed it as his own.    In 1853, Mrs. Butler, by her husband as her next friend, filed a bill against the complainant to set aside his title acquired at the sheriff's sale.    In that bill she claimed one undivided half of the lot, to-wit: one hundred and one acres, as appears on the face of her bill.    There is no allegation therein as to any particular portion of the lot which she claimed.    On the trial of that bill, the jury found a verdict in favor of the complainant for the premises in dispute and $200 00 for rent.

Upon this verdict, the complainant's counsel, for Butler and wife, entered a decree that the complainant do have and recover of the defendants the one hundred and one and one-fourth acres of land, being the one-half of lot number twenty-seven in the twenty-seventh district of Sumter county, being fifty-one and one-half acres off the southeast corner, and fifty-one and one-half acres off of the northwest corner of said land; that the sheriff of said county do put the complainant or his legal agent in possession thereof, and that complainant do recover $200 00 for rent, etc.   This decree is dated 10th August, 1859.   It appears from the evidence that an attempt was made to divide the lot by running lines thereon, in accordance with this decree, but the complainant, Renew, objected, as it interfered with his possession, which he had held for many years under his deed, and the division of the lot between him and Butler and wife, before referred to; and nothing more appears to have been done towards its enforcement, except that Renew paid the $200 00 for rent and abandoned all that part of the land which Butler and wife claimed under the original division thereof.

It also appeared from the evidence that Butler and wife had recognized the division of the land, as contended for by Renew, the complainant, in a letter written to him in 1869.   On the 2d February, 1870, a writ of possession was ordered to be issued on the decree, dated 10th August, 1859, to put Sullivan in possession of the southeast corner of said lot, who is not a party to said decree; whereupon, the complainant, Renew, filed his bill, praying for a reformation of the decree in favor of Butler and wife, and to enjoin the execution of the writ of possession in favor of Sullivan.   It also appears, from the evidence in the record, that the complainant, Renew, cannot either read or write.

It further appeared, in the progress of the trial, that a deed executed by Sullivan to Pilcher for the land claimed by Butler and wife, under the decree, had been offered in evidence and was ruled out by the Court, and then was allowed to go out with the jury, with the other papers in the case, when

they retired to make up their verdict—whether by mistake or otherwise, does not appear.   The Court charged the jury that if complainant knew of the decree, he had delayed too long in filing his bill to reform said decree to be allowed the relief prayed for.

1. This charge of the Court, in view of the facts of this case, was error.   The complainant was illiterate, could neither read nor write, and, although he may have known that there had been a decree rendered, he may not have known the terms of it, and, therefore, the charge of the Court should have been, not if he knew of the decree only, but if he also knew *the terms of it.*

2. Besides, if he did know of the decree and the terms of it, he was not too late, in our judgment, inasmuch as the statute of limitations applicable to bills of review was suspended from the 30th of November, 1860, until the 21st July, 1868. What effect the deed from Sullivan to Pilcher may have had on the minds of the jury, we cannot know.

3. By what authority of law or principles of equity the jury found a verdict enjoining the complainant when no cross-bill had been filed containing such a prayer therefor by the defendant, we are not advised.

Let the judgment of the Court below be reversed.