L. M. RHODES, plaintiff in error, *vs.* SAMUEL HART, defendant in error.

1. Where a note was given to the plaintiff, indorsed by the defendant, for money borrowed by the maker thereof, and subsequently said note was given up, a new note by the maker for a larger amount, including said indebtedness, being substituted therefor, and suit is brought against the defendant for the amount originally loaned, as money had and received for the use of the plaintiff, and the defendant claims to be discharged from all liability therefor by the delivering up of the first note, the court should have charged the jury that if they believed from the evidence that the original note was given up, the defendant's name erased therefrom, and a new note given by the maker, including the amount due on the original note, secured by mortgage on the maker's property, the liability of the defendant as indorser on the original note, was at an end.

2. The plaintiff, having taken a mortgage from the maker of said note on one-fourth of the crop, to secure its payment, is estopped from claiming the said one-fourth from the defendant.

3. Where the jury pass upon questions not put in issue by the pleadings, their verdict is illegal and will be set aside.

Promissory notes. Indorsement. Estoppel. Verdict. New trial. Before Judge GIBSON. Warren Superior Court. April Term, 1873.

For the facts of this case, see the decision.

CHARLES S. DuBose, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant, alleging that on the first day of January, 1867, the defendant was indebted to him $300 00, besides interest, for so much money had and received from the plaintiff for the use of defendant. There is also another count in the plaintiff's declaration, alleging that the defendant is indebted to him in one other sum of $300 00, for that the defendant promised to pay him for the use of said money the one-fourth of the crop made on a certain described tract of land sold by defendant to one Moses Reese. In support of these allegations, it appears from the evidence in the record that in the year 1867 Reese came to the plaintiff to borrow $300 00; that he loaned the money to the defendant, as he says, and took the note of Reese for $375 00, which was indorsed by the defendant, secured by a lien on Reese's cotton crop. When the note became due defendant notified the plaintiff to foreclose his lien on Reese's crop, which was done, and an execution levied thereon. After the levy was made Reese and the plaintiff entered into an agreement by which the $375 00 note, indorsed by the defendant, was given up by the plaintiff to Reese, the levy dismissed, a new note given by Reese for $417 50, which included the $375 00 note and other debts due by Reese to the plaintiff, which note of $417 50 was secured by a mortgage on Reese's land, stock, and one-fourth part of the crop to be made on the land by Cason for the year 1869. The plaintiff states that he then agreed with defendant to take the rent of the land that he had sold to Reese and taken back for the year 1869, which was rented to Cason. Plaintiff did not intend to release defendant from the note, did not scratch his name off, but delivered it up to them. The note was offered in evidence at the trial with defendant's name erased. Rhodes,

the defendant, stated that he sold a lot of land to Reese, took his two notes, one for $200 00, the other for $600 00, and gave him his bond for title. Reese paid the $200 00 note, but not the $600 00 note, and defendant sued him on it. Defendant and Reese then agreed to rescind the land trade Reese agreeing, in writing, that if defendant would deliver up to him his $600 00 note he would deliver up his bond for title to the land, and defendant agreed, by parol, that if Reese would at once give up the bond for title to him, that he would give him, Reese, the one-fourth of the crop grown on the land in 1869, which Reese refused to do, and still refuses to comply with his written agreement. Defendant never agreed to pay the plaintiff, Hart, one-fourth of the crop; did not know him in the transaction. There is much other evidence in the record, and in relation to the erasure of the name of the defendant as indorser on the $300 00 note by the plaintiff, as well as to the agreement of the defendant to pay one-fourth of the rent of the land to the plaintiff, the evidence is conflicting. The jury found a verdict for the plaintiff for $444 00, with interest from the 1st January, 1870, and recommended that the court order the bond for titles given by the defendant to Reese delivered up and canceled, in pursuance of the agreement made by the parties, and the note of Reese be delivered to him by Rhodes, the defendant. A motion was made for a new trial, on the ground that the verdict was contrary to law, contrary to the evidence, and for error in the refusal of the court to charge the jury as requested, and because the verdict was illegal, which motion was overruled by the court, and the defendant excepted.

1. Reese borrowed of the plaintiff $300 00 to pay a debt which he owed defendant, gave to him his note for $375 00, which note was indorsed by defendant. Afterwards this note was given up and a new note given by Reese, as before stated. In view of the facts of this case the court, in our judgment, should have charged the jury that if they believed from the evidence that the original note for $375 00 was given up and the defendant's name erased therefrom, and a new note given

by Reese, including the amount due on the original note, secured by mortgage on Reese's property, the liability of the defendant as indorser on that original note was at an end.

2. In relation to the one-fourth of the crop made on the land, it would seem that if the plaintiff took a mortgage from Reese on the one-fourth of the crop to secure the payment of the last note, he would be estopped from claiming it from Rhodes, the defendant.

3. The verdict is for too much, even if the defendant was liable to pay one-fourth of the rent of the land, besides, it is illegal, as the jury passed upon questions not put in issue by the pleadings.

Let the judgment of the court below be reversed.