BERRY *v.* CLARK.

1. A properly certified copy of a map of Houston county, in the office of the secretary of State, is admissible in evidence without proof of the correctness or existence of the original.

2. Where by a slip of the tongue the judge designates the act of the scrivener as a mistake of law instead of a mistake of fact, a new trial will not be granted unless there is a showing that the objecting party was injured thereby.

3. Where one party claims under a deed which the other party is asking to have reformed for a mistake, it is not an expression of opinion forbidden by the Civil Code, § 4334, for the judge to construe the deed and charge the jury as to its effect.·

4. A motion for a new trial is not the proper means for correcting an error in a decree alleged to be unwarranted by the verdict and pleadings.

5. There was no complaint that the judge refused any written request of the defendant; the general charge fully submitted the issues; there was no error in the charge as given; and if the defendant desired more specific instructions, written requests to that effect should have been presented.

6. The evidence was conflicting, but sufficient to sustain the finding of the jury.

Submitted March 19, — Decided April 8, 1903.     Rehearing denied April 30, 1903.

Equitable petition.    Before Judge Felton.    Houston superior court.    August 1, 1902.

Mrs. Clark filed a petition to restrain Mrs. Berry from cutting timber on land lot number 102 in Houston county.    Mrs. Berry defended on the ground that the timber being cut was on lot 103, to which she had title.    By an amendment she set up that if the timber was actually on lot 102, she still had the right to cut it, inasmuch as it was on the part of 102 north of Big Indian creek; that in a division of land acquired from their father, J. W. Woolfolk Sr., she and her brother, W. W. Woolfolk, had received from Mrs. Clark, their sister, a deed to lot 103, and all that part of 102 which was north of Big Indian creek, known as the " Little West place;" that the partition deed was prepared in Atlanta when the plats and deeds containing accurate descriptions were inaccessible, but it was understood between all the parties that Mrs. Berry and her brother should get the land running down to Big Indian creek. She prayed that the deeds should be so reformed as to speak the true intent of the parties at the time the partition was made; and for a decree that she had perfect title to the said land known as the "Little West place," extending to and bounded by Big Indian creek, by virtue of continuous possession under claim of right; and for general relief.    Mrs. Clark denied this contention, and insisted that

the conveyance to her of lot 102 expressed the real understanding; that nothing was said about Big Indian creek being the boundary at the time the division was made.   Both parties insisted that they had been in possession of the disputed land by themselves or their tenants since the execution of the partition deed in 1891.   Deeds and plats were introduced.   There was evidence by the surveyors as to what was the true line, and testimony as to what was the understanding of the parties in Atlanta at the time the deed of partition was made, and what were the boundaries of the " Little West place."   The evidence on these and most other points was very conflicting.   The jury found in favor of Mrs. Clark.   The defendant's motion for a new trial was overruled, and she excepted.

*Ross & Grace* and *Duncan & Duncan*, for plaintiff in error.

LAMAR, J.   The motion for a new trial assigns as error that the court admitted in evidence a tracing purporting to be " a correct copy of the map of Houston county, on file in the office of the secretary of State," over the objections of defendant that the same was secondary evidence, that there was no proof of its correctness, that it did not appear when or by whom it was made, and that there was no proof that the map on file in the office of the secretary of State was a true and correct map of Houston county or of the lands. in dispute.   The copy was correctly certified, and, under the ruling in *Polhill* v. *Brown*, 84 *Ga.* 342, was admissible.   Civil Code, §§ 5211, 5212.   It was not conclusive. ⸰ Its weight was for the jury, who could compare it with other evidence in the case.

It is assigned as error that the court told the jury that " defendant alleged that the scrivener had by mistake incorrectly expressed the agreement of the parties in the deed of partition;" and stated that " this was a mistake of law."   That by a slip of the tongue the judge called the act of the scrivener a mistake of law instead of a mistake of fact would not require the grant of a new trial, unless defendant should show wherein she had been harmed by the lapsus linguæ.   For the jury were instructed that the result of a mistake of either sort should be a verdict for the defendant.   Civil Code, §§ 3980, 3983.

There was a conflict of the evidence as to the possession of the land in dispute since the execution of the deed of partition.   Mrs. Berry claimed that she had been in adverse possession, and had

acquired title thereby. If the land was in fact conveyed to her by deed, she did not need to rely on prescription. If, however, the lot was not described in the deed, she could not have been in possession under color of title, and prescription could not have ripened short of twenty years. Civil Code, § 3589.

The fourth, fifth, sixth, and seventh grounds of the amended motion for a new trial may be grouped together. The court read portions of the deed of partition, and in effect instructed the jury that the instrument put paper title to all of lot 102 in the plaintiff. It was assigned as error that this was inapplicable and misleading; that it excluded from the consideration of the jury other portions of the deed on which the defendant based her claim of title; that the contract showed that Mrs. Berry had not conveyed to Mrs. Clark that part of the West place in which the timber was situated; and that the judge did not submit to the jury the effect of the intention on the part of the parties to make Big Indian creek the boundary line. We have carefully considered each of these charges and the attack thereon, but fail to find error therein. The pleadings and evidence required the judge to instruct the jury on this subject. The construction of the deed seems to have been correct. Indeed, the defendant's allegations as to mistake and the prayer for reformation impliedly recognize that on its face the deed put title in the petitioner. In the deed of partition the land conveyed to Mrs. Clark was described as the West place, being lots 109, 102, 67, 101, 68, 60, and 25 [except certain parts of lots 61, 109, 110] being 1439 acres in the 12th and 13th districts of Houston county. This includes all of the West tract except that this day conveyed to Mrs. Curtright and W. W. Woolfolk, consisting of 296 1/2 acres.

By this same deed of partition Mrs. Berry was to have "such part of the West place in the 13th district of Houston county, being all of number 103 and 86 acres in the southwest corner of number 66, and 10 acres in the southeast corner of 104." From these descriptions it will be seen that lot 102 was without qualification conveyed to Mrs. Clark, and lot 103 to Mrs. Berry. The timber being on one or the other of these two lots, any construction as to what the deed meant with reference to the big or little West place or to any other land would be irrelevant and harmless, whether as to such other land the deed was properly or improperly

construed. The judge having charged that Mrs. Berry had conveyed away all of her interest in the West place, whether known as the big West place or the little West place, the plaintiff earnestly insists that in so doing he expressed an opinion as to what had been proved, and that the Civil Code, § 4334, "requires a new trial, even if the charge was a correct statement of the fact as shown by the written contract of partition." The purpose of that section was to prevent judges of trial courts from directly or indirectly infringing on the province of juries, but it was never intended to modify the court's power and duty to construe written instruments. Civil Code, § 3672. There is a difference between referring to testimony and saying what that testimony has established. The judge is absolutely prohibited from ever expressing an opinion as to what has been proved, but he is not cut off from properly dealing with the evidence which has been introduced. He must charge as to the respective theories which have been raised by the evidence; in construing a written instrument he must treat it as a paper introduced in evidence. In telling the jury what is its meaning he must not talk to the winds or deal with the paper as a mere abstraction. He must apply his construction to what is claimed to be a fact, and must necessarily refer a deed's legal effect to property under consideration or to some theory raised by the testimony or pleadings. In *Goldsmith* v. *White*, 68 *Ga.* 334, it was held: "The construction of a deed is for the court. In construing the description he is not limited to an exact direction of lines, but may construe the entire description together, including the termini of the lines, so as to reach a consistent and reasonable construction of the grantor's meaning." And in *Holman* v. *Georgia R. R.*, 67 *Ga.* 595, the court construed the contract and letters to mean that the plaintiff impliedly waived an indorsement or authorized the agent to indorse the elevator receipt. See *Benton* v. *Horsley*, 71 *Ga.* 619 (2); *Shiels* v. *Stark*, 14 *Ga.* 429 (1) and (2); *Thornton* v. *Lane*, 11 *Ga.* 461 (19).

The judge charged the jury that if the land in dispute was a part of lot 103, their verdict must be for the defendant; that if they found it was part of lot 102, it would be necessary for them to determine whether there had been any mistake by the scrivener in drawing the deed of partition. He then proceeded very fully and fairly to state the contentions of the parties as raised by the pleadings and evidence. If the defendant had desired other and more

specific instructions as to the law of mistake, and the effect of possession under the deed, in shedding light on the question as to whether there had been a mistake in drawing the partition agreement, proper requests to charge should have been submitted; but in the absence thereof, we can not consider a number of assignments, in the motion for a new trial, that the court erred in failing to charge the jury in a particular manner. Where the charge as given was correct, a new trial can not be granted because of a failure to charge something additional, even though it might have been appropriate.

There is no complaint that the court refused to give any charge requested in writing by the defendant. There are a number of assignments and subassignments that the court failed to charge on various matters: on the right to relief in equity where the party complaining acts promptly; on the effect of possession; on the effect of the understanding of the parties; on the effect of the understanding of Mrs. Berry, known to Mrs. Clark at the time the partition agreement was made; on the mutual intent of the parties to make Big Indian creek the boundary line; on the burden of proof and the rule for determining the preponderance of evidence and the credibility of witnesses. We find no error in the charges given. The court submitted in general terms the issues raised by the pleading; and if the defendant desired charges on special points, it was necessary to present written requests to that effect.

The verdict of the jury was, "for the plaintiff, and enjoin further trespassing by the defendant." Thereupon the court enjoined further trespassing, decreed that title to the lot in dispute was in Mrs. Clark, and ordered the county surveyor to mark the lines between the plaintiff and the defendant. It is argued that on a petition for injunction it was improper to determine the title, and that the decree is broader than the verdict. The answer of the defendant raised the issue of title, and prayed a reformation of the deed, for a decree adjudging that Mrs. Berry owned the land to Big Indian creek, and that the surveyor mark the lines of the property. Even if the decree was not warranted by the verdict, it can not be corrected by motion for a new trial, which is limited to the consideration of errors occurring during the trial, which may have affected the finding of the jury.

The evidence was very conflicting. There was sufficient to sustain the finding of the jury in favor of the plaintiff. The judge

of the superior court was satisfied therewith; and in view of the uniform rulings of this court in similar instances, we can not interfere. *Judgment affirmed. By five Justices.*