## COLLINS *v.* CARR.

1. When in the trial of a case in equity it becomes necessary for the jury to embrace in their verdict their findings as to several issues of fact in order that the judge may render a proper decree, and counsel for both parties, on account of the complicated nature of the case, agree that the jury may return a verdict generally for one party or the other, and that after the verdict is returned the judge shall have power to put the verdict in proper form ; and the jury returns a verdict for the plaintiff and the judge directs counsel for the plaintiff how to write out a verdict to carry out the intention of the jury, and the jury is then directed to sign such verdict so framed, the defendant is estopped to ask a new trial because of the findings in the verdict, if the latter is legal and embodies the findings proper, under the pleadings and evidence, to a verdict for the plaintiff.

2. The verdict so directed in this case was proper, and embraced all the findings necessary to enable the judge to base thereon a proper decree. The true meaning of a verdict that a trust " is void " is that the trust was void at the time the petition was filed and at the time of the trial ; and a finding that the appointment of the trustee be annulled does not find that the trustee was not such up to the time of the verdict and decree.

3. The evidence was sufficient to warrant the verdict.

4. That the court erred in its judgment or decree is no ground for a new trial.

Submitted May 6. — Decided June 3, 1903.

Equitable petition. Before Judge Holden. Hancock superior court. December 30, 1902.

*Hunt & Merritt* and *James A. Harley*, for plaintiff in error.
*William H. Burwell* and *Robert H. Lewis*, contra.

SIMMONS, C. J. Josiah Carr of Hancock county, Georgia, died, leaving a will which was probated in January, 1897. By this will the testator devised all of his real property to a trustee in trust for his son for life. At the death of the son this property was to go to the son's children, if he had any. If the son left no children, part of the property was to go to the son's widow for life. The remainder was to the testator's nephews and nieces. The testator seems to have considered his son a spendthrift, and by the trust attempted to prevent the son's squandering the estate. In October, 1899, the son filed an equitable petition, setting up that he was of sound mind, sui juris, and not laboring under any disability, on account of mental weakness, intemperate, wasteful, or profligate habits, which rendered him unfit to be entrusted with the care and management of property. He prayed the court to decree that the trust be an-

nulled and to order the trustee to turn the property over to him as the life-tenant.     On the trial of the case the jury found for the plaintiff.    The motion for new trial made by the trustee was over-ruled by the court.    The trustee excepted.

1. After the case had been argued and before the charge of the court, counsel for all parties agreed that the jury should return a general verdict for the plaintiff or for the defendant, as they found the facts to be, and that the court should instruct them to this effect, and that the verdict should afterwards be put in form under the direction of the court.    After the charge of the court, the jury returned a verdict for the plaintiff.    Thereupon the court, over the objection of counsel for the defendant, allowed plaintiff's counsel to prepare and directed the jury to sign the following verdict: " We the jury find that John H. Carr is of sound mind, and is not, on ac-count of mental weakness, intemperate habits, wasteful and profli-gate habits, unfit to be entrusted with the right and management of property ; that the trust sought to be created in the 2nd item of the will of Josiah Carr is void; and that the appointment of Jno. G. Collins as trustee be annulled.    We further find that the title to the life-estate in the property described in said 2nd item of said will to be in said John H. Carr, and that the property described in said second item be turned over to said John H. Carr, as the life-tenant.    Oct. 14, 1902."    Of the overruling of the objections, and of the direction that this verdict be signed, complaint was made in the motion for new trial.    Counsel seem to have agreed that it would be difficult for the jurors, in their room, without a form to guide them, to so frame their verdict as to include all the findings which should be expressed therein, and therefore agreed that the court might frame the verdict upon the return of a general verdict. We think that, after this agreement had been acted upon by the court and by counsel for the other side, counsel for the defendant were estopped to make objections to the court's directing the form of the verdict.    The verdict would stand just as though it had been originally returned in that form by the jury.    The only exception defendant could take to it would be that the court directed a ver-dict which would have been illegal or wrong had it been returned by the jury of their own motion.     Of course the agreement did not bind either party to submit to a verdict which was violative of the law or without evidence to support it.

2. One of the objections urged to the verdict was that it does not specify at what time the item of the will, appointing the trustee, became void. We think the proper construction of the verdict is that it was void at the time the petition was filed and at the time of the trial. The father had a right to appoint the trustee upon his knowledge of the son's habits; and the presumption is that the son, at the time of the execution of the will, was, in the opinion of the father, not a fit person to take charge of the property. That presumption remained until rebutted by proof before the jury. Up to the time sufficient proof was made on the trial to authorize the finding that the trust was invalid, that item of the will was valid and binding upon the son and the trustee. When the jury in their verdict declared that the trust "is void," this meant that the trust was void at the time the petition was filed and at the time of the trial. Another exception taken to the verdict was that it discharges the trustee without making provision for his commissions, counsel fees, and other expenses incurred in the discharge of his duties as trustee. It is sufficient to say, in answer to this, that the record does not disclose, either in the answer of the trustee or in the evidence, that any such issue was made. If it was not made in the pleadings or supported by evidence, of course the verdict is not defective in not dealing with it. However, as this issue has not been passed upon in this case, the trustee can make the issue in accounting with Carr, and may take credit for any expenses to which he may be legally entitled.

3. The evidence authorized the verdict.

4. Several grounds in the motion for new trial complained of error in the decree of the court. Such error, if it exists, does not constitute a ground for a new trial. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.

       *Judgment affirmed. By five Justices.*