## CHASON *v.* ANDERSON.

1. The rule that all persons interested in sustaining the judgment complained of must be made parties to the bill of exceptions can not apply to a person not a party to the case in the trial court.
2. A creditor of a husband and wife respectively, who is paid money by the husband, with instructions to apply it to his debt, has a right to assume that the money belongs to the husband ; and even though the money in fact belongs to the wife, she can not recover it or have it applied to her debt, without showing that the creditor knew, at the time of the payment, that the money was hers.
3. If the creditor knew that the money was the wife's, it was his duty to apply it to her debt ; and evidence that he had such notice is admissible in the trial of a proceeding arising under an affidavit of illegality filed by the wife, the sole ground of which is that the execution has been paid off and discharged.
4. Objections to the form of a judgment can not properly be made in a ground of a motion for a new trial.

Argued January 22,—Decided February 13, 1904.

Affidavit of illegality.     Before Judge Spence.     Decatur superior court.     August 10, 1903.

*A. L. Townsend,* for plaintiff.

*R. R. Terrell,* by *Z. D. Harrison,* for defendant.

COBB, J.   An execution for $52.95 principal was issued in favor of D. L. Bryant against the goods and chattels, lands and tenements of Mason Anderson and Feriba Anderson.   Chason, as transferee of the execution, was seeking to enforce it, when Feriba Anderson filed an affidavit of illegality, setting up that the execution had been paid off and discharged.   The issue thus raised

came on to be tried before a jury in the superior court, and a verdict in favor of the illegality was rendered. Chason filed a motion for a new trial, which was overruled, and he excepted.

1. A motion was made to dismiss the writ of error, on the ground that Mason Anderson was not made a party defendant in error to the bill of exceptions. Every party to a case in the trial court, who is interested in sustaining the judgment complained of, must be made a party defendant in error to the bill of exceptions and be served with a copy thereof. Civil Code, § 5562. And failure to make such a person a party will result in a dismissal of the writ of error. *United States Leather Company* v. *National Bank*, 107 *Ga.* 263. If Mason Anderson had united with Feriba Anderson in filing the affidavit of illegality, the motion to dismiss would have been meritorious. We know of no law which required him to do this, even though the judgment and execution were issued against him and Feriba Anderson jointly. Not having been a party in the court below, Mason Anderson would not have been a proper party to the bill of exceptions. The motion to dismiss will therefore be overruled.

2. Mason Anderson was the husband of Feriba Anderson. He owed Chason a debt for land. He paid Chason $66.33, which Chason credited on the land debt. According to the testimony for the affiant in the illegality, this money belonged to her, and Mason Anderson requested Chason, at the time the money was paid, to apply it to the execution debt for which he and his wife were liable. Chason testified that he did not know the money belonged to Feriba Anderson, and that Mason Anderson requested that it be applied to his debt for the land. There was a sharp conflict between the parties on these points. The motion for a new trial complains of an extract from the charge of the court in the following language : "I charge you, gentlemen, that if you are satisfied from the evidence in this case that this money, at the time this receipt was given, $66 and something, satisfied that that was funds arising from the sale of Feriba Anderson's cotton, that it belonged to Feriba Anderson, that it was her instruction to her husband (her husband acting as her agent) to pay it on the execution against her in the hands of Mr. Chason, the plaintiff, then she would be entitled to a credit on that execution ; especially would this be true if the plaintiff received this money with the

knowledge of the fact that it was money arising from the sale of cotton that belonged to Feriba Anderson. If he knew that it was her money, or had reason to suspect that it was money arising from the sale of her cotton, he would have no right to appropriate it to a debt due by her husband. She would be entitled to recover it back, and in this suit she would be entitled to have it credited on her debt." This charge was susceptible of the construction that if the money paid by Mason Anderson to Chason belonged to Feriba Anderson, and she instructed her husband to apply it to the execution debt, she would be entitled to a credit of the amount on the execution, without more. The use of the word "especially" in the charge indicates that the foregoing proposition would be true, but would simply be given additional weight if it should appear that Chason knew that the money belonged to the plaintiff in the illegality. So construed, the charge was clearly erroneous. Unless Chason knew the money belonged to Feriba Anderson, he had a right to presume that it was Mason Anderson's, and to apply it to his debt, if instructed by him so to do. The burden was on the wife to show that Chason had notice that the money belonged to her. *Humphrey* v. *Copeland*, 54 *Ga.* 543. The error thus committed was on a vital issue in the case, and a new trial should have been granted on account of it.

3. Complaint is also made, in the motion for a new trial, that the court erred in "submitting" to the jury at all the question as to whether Chason had notice that the money paid by Mason Anderson belonged to his wife, the only issue raised by the illegality being whether the execution had been paid off and discharged. Even if the assignment of error in this ground was sufficiently specific, we do not think it is meritorious. The issue thus submitted was pertinent to the general question whether the execution had been discharged. If Chason knew the money belonged to the wife, he could not apply it to Mason Anderson's debt, even though she consented to it. If he had such notice, he was in law bound to apply the money to the execution; and it was competent for the wife to show payment of the execution by showing that it was her money paid to Chason and that he knew it.

4. Another ground of the motion complains of the form of the judgment entered up on the verdict. Such an objection can not be made the ground of a motion for a new trial. *Berry* v. *Clark,*

117 *Ga.* 964 (4). Other than as above indicated, the assignments of error are without merit.

*Judgment reversed.* *All the Justices concur, except Simmons, C. J., absent.*