## EUBANKS v. WEST & BAGGETT.

1. When in the trial of a proceeding to foreclose a sawmill man's lien the jury return a verdict in favor of the plaintiff for the full amount claimed, with interest, the verdict will be construed to be a finding in favor of the lien claimed.

2. Objection to a judgment, that it does not follow the verdict, can not be properly made a ground of a motion for a new trial.

3. The evidence was conflicting and probably preponderated in favor of the defendant, but there was some evidence from which the jury could find that the plaintiff was entitled to a lien for the amount claimed; and if there was any error in any of the charges complained of, such error was not of a character requiring the granting of a new trial.

Argued March 15 .— Decided March 29, 1904.

Foreclosure of lien. Before Judge Taliaferro. City court of Sandersville. August 19, 1903.

*Rawlings & Howard*, for plaintiff in error.

*Evans & Evans*, contra.

COBB, J. This was a proceeding to foreclose a sawmill man's lien. The evidence was sharply conflicting, both as to what was the contract and as to whether the contract even as claimed by the plaintiffs had been substantially complied with. The evidence authorized a finding in favor of either party; and hence the judgment refusing a new trial will not be reversed, unless some error

of law was committed which was prejudicial to the losing party. The judge charged the jury that if they found in favor of the plaintiffs, they should return a general verdict for so many dollars, with interest.　This charge amounted to an instruction that such a finding as that indicated would be construed to mean a finding in favor of the lien claimed.　A finding in favor of the plaintiffs for a given sum, especially when that sum is the exact amount claimed, is equivalent to a finding in favor of the lien sought to be set up.　Under this view, the grounds of the motion for a new trial which complain that the judgment did not follow the verdict are without merit.　In any event, however, these grounds are without merit; for such an objection can not be made the ground of a motion for a new trial.　*Berry* v. *Clark*, 117 *Ga.* 964 (4); *Chason* v. *Anderson*, 119 *Ga.* 495.　Even if the charge in relation to the change in the terms of the agreement as to the time when the money for the sawing would be due was subject to the criticisms made upon it, the error was not of such a character as to require a reversal of the judgment, for the reason that the judge distinctly told the jury that the plaintiffs would not be entitled to enforce the lien claimed until after the work was completed.　Under the charge of the judge, the jury could not find in favor of the lien unless they believed the work had been finished.　None of the other charges complained of were erroneous for any reason assigned.　After a careful examination of the entire motion for a new trial, we find no reason which would justify us in reversing the judgment.

*Judgment affirmed.　All the Justices concur.*