### BOOTH & COMPANY et al. v. MOHR & SONS et al.

Where a final decree has been entered in an equity cause, and on a writ of error to the Supreme Court the judgment of the court below overruling a motion for a new trial is affirmed, no exception to the decree itself having been taken on the ground that it was unauthorized by the verdict, or was for any other reason erroneous, an equitable petition in the nature of a bill of review will not subsequently lie to set aside the decree for any error apparent on the face of the record.

Submitted March 3,—Decided May 16, 1906.

Petition for injunction. Before Judge Parker. Clinch superior court. May 29, 1905.

The circumstances under which this litigation originated are set forth in detail in the report of the case of *Booth* v. *Mohr,* 122 *Ga.* 333. At the instance of creditors of R. J. Booth & Co., a receiver was appointed to take charge of the assets of that firm. Subsequently the order of the court appointing a receiver was vacated upon the defendants giving a bond, signed by themselves and a number of sureties. Upon the final trial of the case, a special verdict in favor of the plaintiffs was returned by the jury; the defendants made a motion for a new trial, and the judgment overruling the

motion was reviewed and affirmed by this court. Some time after-
wards the defendants and the sureties on their bond filed an equi-
table petition, in the nature of a bill of review, praying that the
decree entered on the verdict of the jury be set aside, in so far as
the allowance of attorneys' fees to the moving creditors was con-
cerned. The reasons assigned for asking this relief were, (1) that
no claim for attorneys' fees was made by these creditors in the peti-
tion filed by them, (2) that the jury returned no finding in their
favor upon which an allowance of attorneys' fees could be based,
(3) that the award thereof by the court in its decree was without
notice to either the defendants or their counsel, and (4) that they
had no knowledge that an allowance of $250 as counsel fees was em-
braced in the decree, until after the adjournment of the term of court
at which it was rendered. The defendants named in this equitable
petition filed an answer, in which they took issue with the plaintiffs
as to the propriety of the allowance of counsel fees, and in which
they interposed the plea that, however this might be, the matter was
res adjudicata. The defendants also filed a general demurrer and
a motion to dismiss, therein challenging the right of the plaintiffs
to go behind the decree of the court, which stood unexcepted to and
unreversed, and was therefore binding upon them, even though the
award of attorneys' fees may have been erroneous. An interlocu-
tory hearing was had upon the question whether or not the plain-
tiffs, who had satisfied the decree save as to the payment of the al-
lowance of $250 as counsel fees, were entitled to an injunction to
prevent the enforcement of an execution issued for the purpose of
collecting this further sum. In addition to the pleadings filed by
the respective parties, the presiding judge took under consideration
the record of the case in which the decree was rendered, which was
introduced in evidence by the plaintiffs, together with affidavits in
support of the allegations of their equitable petition, and also affi-
davits tendered by the defendants which negatived any imputation
of fraud committed by themselves or their counsel in the procure-
ment of that decree. After argument the judge passed an order
refusing to grant the injunction prayed for, and to this order ex-
ception is taken.

*J. L. Sweat* and *R. G. Dickerson,* for plaintiffs.

*Jacob Gazan* and *S. W. Hitch,* for defendants.

EVANS, J. (After stating the facts.) The execution sought to
be enjoined issued upon a decree, the validity of which is attacked

for the reasons set forth in the foregoing statement of facts. This decree was rendered in an equity case brought by creditors against an insolvent partnership, who prayed for the rescission of a sale alleged to be fraudulent, for the appointment of a receiver, and for judgment on their several demands. The court had jurisdiction of the parties and of the subject-matter; and if the court erred in decreeing counsel fees to the moving creditors, the judgment was merely erroneous, not void. *Crow* v. *American Mortgage Co., 92 Ga.* 815. The defendants in their motion for a new trial attempted to review the correctness of the decree; but this court held that "Error of the court in decreeing on a verdict is no cause for a new trial, and there being in the bill of exceptions no assignment of error in the decree itself, the decree is not under review." *Booth* v. *Mohr,* 122 *Ga.* 333. The judgment denying a new trial was accordingly affirmed. "Where a decree in equity has been before the Supreme Court on a writ of error, and the judgment of the court below affirmed, a bill of review will not lie to reverse such decree for error apparent on the face thereof." *Rice* v. *Carey,* 4 *Ga.* 558. A judgment or decree is the final result of a case, and its pronouncement necessarily follows the verdict. The losing party is bound to know that a decree will be entered upon the verdict, and no notice is required to be given him before it is signed by the judge. At his peril he must follow up this last incident of the trial and inform himself of the court's judgment on the verdict. If the decree be erroneous, his remedy is to except to it and have it reviewed. If he negligently fails to inform himself of the nature and extent of the decree, or, having knowledge of its terms, fails to avail himself of the proper remedy to correct any erroneous provision therein, he is bound by the decree as rendered. By his failure to properly except to the decree, all matters therein adjudicated become res adjudicata. *Sumner* v. *Sumner,* 118 *Ga.* 410, and cit.

Nor do the securities on the bond given to the complaining creditors in order to vacate the order appointing a receiver stand on a footing different from that of the principal obligors. The liability of these sureties was fixed by the decree entered against their principals; they were nominal parties to the case and as such became bound by the decree. If the decree be valid as to the principal obligors, it is likewise binding on the sureties. *Price* v. *Carlton,* 121 *Ga.* 23. The refusal to grant the injunction was proper.

*Judgment affirmed. All the Justices concur.*