DARSEY *v.* DARSEY *et al.*

</div>

HOLDEN, J. 1. Where land set apart as a homestead under the constitution of 1868, at the instance of the owner as the head of a family, was subsequently deeded by him to secure a debt for money borrowed with which to pay for horses bought to be used on the land, and after the death of the grantor the horses were kept by the widow, who, with several children of the grantor, some of whom were minor beneficiaries of the homestead, worked and made crops on the land for the purpose of discharging the debt and relieving the land of the incumbrance, which crops were used for such purpose and the debt fully paid off with such crops and the proceeds of the sale of a part of the land made by the grantee, which sale was made with the consent of the grantor and his wife, and the executor of the grantee several years afterwards, because of the debt having been discharged, deeded the land to the widow and received from the legatee hereinafter referred to the bond for titles made to the original owner by the party holding the security deed; *Held:*

(*a*) The widow did not acquire by reason of such deed a valid title of any nature to such land, or any interest therein, as against the other heirs at law of her husband.

(*b*) One of such children, as the sole legatee under the will of such widow, to whom she therein devised such land as her own, obtained no valid title or interest in such land under the will, as against such other

heirs, except such interest, if any, which she may have acquired as a distributee of her husband's estate.

2. Exceptions to a decree can not be made the grounds of a motion for a new trial.

3. Under the evidence in this case, the court committed no error in failing to charge the law regarding title by prescription.

4. The court fairly and fully submitted in his charge to the jury all of the issues involved in the case. The evidence was sufficient to support the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

Argued February 10,—Decided July 25, 1908.

Equitable petition. Before Judge Lewis. Laurens superior court. July 29, 1907.

*Daley & Bussey* and *Peyton L. Wade,* for plaintiff in error.

*James A. Thomas,* contra.