### Barber v. Barber et al.

Gilbert, J. E. R. Barber filed a petition against his wife, Sallie Barber, and his sons, E. R. Barber Jr. and Roy G. Barber, alleging that he was testamentary trustee for said sons, and that the latter were interfering with his control and management of the trust property; and praying for an injunction against the defendants. The defendants, by way of answer and cross-petition, alleged that the plaintiff was incompetent and unfit to perform the duties and responsibilities of trustee, and that he was wasting the estate; and they prayed that the court take charge of the property through a receiver, and that the plaintiff be removed as trustee. The case proceeded to final trial, during the progress of which all parties "agreed in open court that the issues and matters presented were largely, if not wholly, for determination by the presiding judge; and it was then and there agreed that all questions of law and fact, and all matters involved, be and the same were then and there submitted to the presiding judge for determination, and for such action, order, judgment and decree as to the presiding judge might appear to be meet and proper in the premises. The judge directed a verdict in favor of the plaintiff for the injunction prayed for as against the defendants originally named in the petition, with reference to the plaintiff as trustee; and at the same time announced his decision to remove the plaintiff as trustee of the trust estate involved, and to declare the office of trustee as to said estate vacant, and took under advisement the selection and appointment of a successor and substitute trustee." Whereupon the court rendered a decree removing the trustee and appointing a receiver pending the selection, appointment, and qualification of a suitable trustee to take charge of the trust estate; and further decreed that, the plaintiff having been removed as trustee, the verdict directed and the matter of injunction as prayed for on both sides became nugatory and inoperative, except that all parties at interest, the plaintiff and all defendants, were restrained from in any way interfering with the receiver in the performance of the duty assigned to him by the court, or thereafter to be assigned to him. · The plaintiff filed a motion for a new trial, based on the general grounds; and subsequently filed an amendment, all the grounds of which were based on complaints as to the judgment and decree passed by the court. *Held:*

1. "Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." *Berry* v. *Clark,* 117 *Ga.* 964 (44 S. E. 824); *Collins* v. *Carr,* 118 *Ga.* 205 (44 S. E. 1000); *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629); *Eubanks* v. *West,* 119 *Ga.* 804 (47 S. E. 194); *Thomas* v. *Clarkson,* 125 *Ga.* 72 (54 S. E. 77, 6 L. R. A. 658); *Booth* v. *Mohr,* 125 *Ga.* 472 (54 S. E. 147); *Darsey* v. *Darsey,* 131 *Ga.* 208 (62 S. E. 20); *Sweetman* v. *Owens,* 147 *Ga.* 436 (2) (94 S. E. 542); *Fowler* v. *Johnson,* 151 *Ga.* 122 (106 S. E. 90).

(a) In the brief of the plaintiff in error it is said: "This is a motion to set aside the judgment, and not a motion for a new trial." The record,

however, does not bear out this statement. There is no complaint of the judgment or decree except in the amended grounds of the motion for a new trial.

2. The only assignment of error is as follows: "The court proceeded to render the decision herein complained of, to which judgment of the court the plaintiff excepted and now excepts, and assigns error thereon, and says that the court erred in overruling said motion for new trial, or to set aside said judgment, on each and all of the grounds therein stated." The verdict was rendered in the superior court of Worth County, October 25, 1922. Judgment and decree was entered October 31, 1922. Motion for a new trial on the general grounds was made on November 2, 1922. This motion was regularly continued to the hearing at chambers in Tifton, Tift County, February 10, 1923. The order overruling the motion for a new trial was dated at chambers, Tifton, Ga., February 24, 1923. The complaints of the judgment and decree made in the amended motion cannot be considered as a motion to set aside a judgment, because they were made in vacation in a county other than where rendered.

3. There being no assignment of error on the ground that the verdict was directed by the court, we have no authority to decide whether the trial court erred in so directing. *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173); *Stone* v. *Hebard Lumber Co.,* 145 *Ga.* 729 (89 S. E. 814); *Kelley* v. *Cartledge,* 151 *Ga.* 179 (106 S. E. 93).

4. The verdict was supported by evidence.

*Judgment affirmed. All the Justices concur.*

No. 3699. JANUARY 15, 1924.

Equitable petition. Before Judge Eve. Worth superior court. February 24, 1923.

*J. J. Forehand,* for plaintiff.

*Perry & Tipton,* for defendants.