MANRY *v.* STEPHENS, agent.

No. 13178.   APRIL 11, 1940.   REHEARING DENIED MAY 20, 1940.

*B. H. Manry* and *J. R. Terrell,* for plaintiff.
*Willingham & Willingham,* for defendant.

JENKINS, Justice.   1.   That a *judgment or decree* does not follow or is not authorized by the verdict, or is not warranted by the pleadings, is not good ground of a motion for new trial. *Brannan v. McWilliams,* 146 *Ga.* 528 (91 S. E. 772) ; *Potts* v. *Atlanta,* 140 *Ga.* 431 (79 S. E. 110) ; *Eubanks* v. *West,* 119 *Ga.* 804 (47 S. E. 194) ; *Berry* v. *Clark,* 117 *Ga.* 964 (44 S. E. 824) ; *Collins* v. *Carr,* 118 *Ga.* 205 (44 S. E. 1000).   But that the *verdict* does not cover or is contrary to the issues made by the pleadings is a question which may be raised by a motion for new trial. *Tompkins* v. *Corry,* 14 *Ga.* 118 (2), 120; *Bessman* v. *Girardey,* 66 *Ga.* 18 (3), 31; *Rhodes* v. *Hart,* 51 *Ga.* 320 (3), 323; *Renew* v. *Darley,* 49 *Ga.* 332 (3), 335; *English* v. *English,* 69 *Ga.* 636, 641, 642; Code, § 110-101.

2.   Under the doctrine of res judicata, a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833) ; Code, § 110-501.   "Where in a former suit between the same parties, and relating to the same subject-matter, a verdict and judgment were rendered against [a party], whose motion for a new trial was overruled, and such judgment was affirmed by the Supreme Court, a petition subsequently brought by [such party] to review and set aside the verdict and judgment [is] properly dismissed on general demurrer, where it [appears] that the grounds for review were such as were known, or could by reasonable diligence have been discovered in time to incorporate them in the motion for new trial made in the former case." *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44) ; *Doyle* v. *Donovan,* 76 *Ga.* 41 (5), 44.   A like rule obtains where a motion for new trial is made and denied, and the

movant afterwards in the same case attempts to make a motion to set aside the verdict on a ground of which he knew at the time of the motion for new trial; or where the judgment of the trial court refusing a new trial remains of force, after this court has dismissed a writ of error therefrom instead of affirming the judgment.

(*a*) Accordingly, in this case, where, on an equitable petition and an answer by the defendant in the nature of a cross-bill, the jury returned a verdict in favor of the defendant on the special issues of fact submitted by the judge, and the plaintiff's motion for new trial on general and special grounds was denied, and his writ of error from such judgment was dismissed by this court (*Manry* v. *Stephens*, 188 *Ga.* 822, 5 S. E. 2d, 9), he could not, in a subsequent petition or motion to set aside the verdict and judgment, attack them upon any grounds which either were included in the previous motion for new trial, or could in the exercise of reasonable diligence have been so included, if the grounds present such questions as could be raised by motion for new trial. This ruling precludes, as grounds of the plaintiff's present motion or petition to set aside the *verdict:* the failure of the *verdict* for the defendant to conform to the defendant's pleading, such a question, as distinguished from the failure of the *decree* to conform to the pleading, being a ground which could properly have been urged in the motion for new trial; the illegality of the sale of the land; and the invalidity of the trial, as being on moot issues, on the contention now sought to be raised, that this court, in dismissing the former writ of error from the refusal of the new trial, held that the questions before it were moot because the sale of the land sought to be enjoined had already occurred. Furthermore, the fact that the sale had already occurred did not render moot the remaining questions, which were raised by the defendant in his answer, and which were unrelated to the question of injunction.

3. The preceding rulings leave only two questions, raised by the plaintiff's present motion or petition to set aside the *decree,* on which he is not precluded: (a) whether the *decree* is erroneous on the ground that such *decree,* as distinguished from the *verdict,* did not follow the pleadings, because a money judgment was rendered in favor of the defendant, but none was prayed for in the cross-bill; and (b) whether the *decree* is erroneous on the ground that such *decree* confirming the sale of the land was not authorized by

any prayer of the cross-bill, and was not authorized by any finding of the jury in their verdict.

(a) As to the first of these questions, while the verdict found for the defendant as to certain stated sums of principal and interest, the judge in his decree construed this finding as merely fixing the amounts of the debt owed by the plaintiff to the defendant liquidating agent of the bank, adversely to the plaintiff's contentions of usury, and adversely to any equity or claim in his favor against the defendant as to the proceeds of the land sale or under an accounting. The defendant likewise so construed this finding. Thus, since no money judgment was rendered against the plaintiff except for costs, his first contention is without merit.

(b) As to the second question, relating to the decree confirming the sale of the land, the plaintiff has not attacked the right to such relief on the merits, his sole ground of attack being the failure of the decree to conform to the pleadings and verdict. The judge had the right, as he did, to submit to the jury special issues on disputed facts, since this was an equity case, and the verdict of a jury was unnecessary on either questions of law or uncontroverted facts. Code, §§ 37-1101, 37-1104, 37-1105. Where under such submittal by the court the jury found a special verdict in favor of the defendant on all the disputed facts, it was not necessary for them to make any specific finding as to a confirmation of the sale, since in framing a decree that result would follow as a matter of law from findings in the defendant's favor as to the amounts of the plaintiff's indebtedness, and as to the defendant's right to a writ of possession for the land. See McManus v. Cook, 59 Ga. 486 (3), 489. With regard to the failure of the cross-bill to pray in terms for a confirmation of the sale, there were specific prayers for a decree establishing the defendant's title, for the removal of any cloud on his title, for a writ of possession, and for general relief. These prayers were sufficient to authorize the relief in question.

4. Under the preceding holdings, the court properly dismissed on general demurrer the motion or petition of the plaintiff to set aside the final decree.

*Judgment affirmed. All the Justices concur.*