### 32517.   DOWDLE *v.* WEST LUMBER COMPANY

DECIDED JULY 15, 1949.

*Grigsby H. Wotton, Augustine Sams,* for plaintiff.
*Herbert Johnson, Ross Arnold,* for defendant.

FELTON, J. ■ Special ground 4 of the defendant's motion for a new trial assigns as error the admission of the testimony of Ivan Jenkins, an officer of the plaintiff corporation, to the effect that he (Jenkins) called the defendant over the telephone, and she agreed to pay for the material ordered by her contractor. The defendant contends that such evidence is hearsay, and upon her objection should have been excluded, because the witness Jenkins had not sufficiently identified the person with whom he

talked over the telephone. Jenkins testified: "About two weeks later the man (H. C. Everett) came back and told me they were ready. At that time I called the number listed in the telephone under Mrs. Dowdle's name and talked to her about the transaction, and she stated about the priority rating from the F.H.A., and also I reminded her about the handling and paying and was told that the Georgia Bank had made the loan; and I told her that Mr. Everett had ordered this material and wanted it charged to her, and she said it was all right, that the arrangements had been completed. I then called the Georgia Bank and verified that they had made the loan, before the material was sent out. The voice of Mrs. Dowdle who talked to me over the telephone is the same voice as Mrs. Dowdle who has testified in this case . . I am certain I talked to her, the same woman, over the telephone, at least four times, and the last time was with refer- ence to additional material . . She did call me back and give me the order for sixteen pieces of sheet rock, and said she would pay the bill as soon as the job was completed. The person who called me at that time was the same person's voice that I had heard. She didn't exactly say she would pay me, but she said they were trying to get the job finished and everybody would get their money at that time. . . I do not know Miss Eleanor Dowdle or Joyce Dowdle. I have not seen Mrs. Dowdle before we came to court. I do not know the difference between the sound of the voice of Miss Eleanor Dowdle and Joyce Dowdle, and the person whom we sued in this case, but I believe she is the same person, to the best of my knowledge." Conceding, for the sake of argument, that the witness did not by direct evident identify the defendant as the other party to the telephone conversation, we are of the opinion that the identity was sufficiently established by circumstantial evidence. The defendant admitted talking over the telephone to someone from the plaintiff corporation: "Someone who said he was Jenkins telephoned me and asked me if I was Mrs. Dowdle, and I said, 'Yes.' He told me he was with West Lumber Company and said Mr. Everett had bought his material, and asked if we had a veteran's preference and an F.H.A. loan because we had to have that before they could furnish the materials, and we couldn't get it unless we were going to have veterans in the apartment,

and I told him that we did have it, because my daughter and son-in-law had went up to the loan company with me. And he said, 'Well,' that was fine; and he asked if Everett was my contractor, and I said he was . . It was never mentioned at that time or at any time about me paying the bill or guaranteeing the bill to be paid. I had no idea about it." The admission of engaging in a telephone conversation with someone claiming to be Jenkins from the plaintiff corporation, and the fact that the context of the conversations as testified by the plaintiff's employee Jenkins and by the defendant were almost identical, with the exception that the defendant denied making an agreement to pay for the materials in question, was sufficient to authorize the jury to infer that the defendant was the person on the other end of the line. Communications by telephone are admissible in evidence when the identity of the person against whom the conversation is sought to be admitted is established by circumstantial evidence as well as by direct evidence. *Ayers v. John B. Daniel Co.*, 35 *Ga. App.* 511 (133 S. E. 878); *Myers v. Brown*, 74 *Ga. App.* 534 (40 S. E. 2d, 391); Pieper *v.* Krutzfeldt, 155 Iowa 716 (136 N. W. 904). Therefore the trial judge did not err in admitting this evidence.

■ Special ground 5 complains of the following charge: "The first issue in this case that you will determine is whether the plaintiff is or is not entitled to a judgment against the defendant, Mrs. Dowdle, for the amount alleged in plaintiff's petition." It is contended that this instruction, in effect, required the jury to return the full amount of an unliquidated and disputed account, thus relieving the plaintiff of the burden of proving the same. This exception is without merit for the reason assigned. The defendant further contends that the jury was confused by this charge because of the following colloquy:

"Note: As the jury passed out, all counsel being present, a juror stopped at the bench and spoke to the court.

"The Court: This juror has asked me: 'Will the jury be authorized to find any amount except the amount sued for?' I could not answer that question without calling the jury back in here and instructing them in here. I just wanted counsel to have that question. Do you contend that as far as a money verdict is concerned there is only one amount, the amount sued for, or could they find a lesser amount?

"Mr. Johnson [Council for plaintiff]: It could be a lesser amount.

"The Court: Is there any objection to my answering the question?

"Mr. Johnson: Not in the least. I think he is entitled to the information.

"The Court: If you find that the plaintiff is entitled to recover a personal judgment against the defendant, such judgment would have to represent the price of the materials sold to the defendant. If, under the evidence, any of the items of material which the plaintiff claims to have been sold her were not sold her, of course, that would be deducted from the amount of the judgment.

"Mr. Johnson: That is the only grounds on which that question would make any change.

"The Court: If you find for the plaintiff any amount, your verdict would have to represent the amount of the items sold to the defendant, and the price of the same. Now, if you found that to be the whole amount as alleged to be sold, a judgment would be for the whole amount; if there was any less amount sold, I think it would be accordingly. That is the question you wanted to know about?

"The Juror: Yes sir."

The defendant contends that the charge to the entire jury was confusing and erroneous, as evidenced by the foregoing question of one juror, and that the charge was not corrected by a charge to only one juror. The foregoing excerpt from the defendant's special ground clearly shows that counsel for the defendant was present and had ample opportunity to request the court to recall the retired jurors and instruct them on this point, and the failure to do so was a waiver on his part of any right of objection to this instruction.

■ Special grounds 6 and 7 complain that the judge failed to charge the contentions of the defendant, although he fully charged the contention of the plaintiff. After considering the charge as a whole, we are of the opinion that the court charged fairly and fully the contentions of the defendant. These grounds are without merit.

■ Ground 8 assigns error on the following charge: "When

such material is sold to the contractor who has contracted with the owner of such real estate, the materialman must, before having his lien, among other things, sue the materialman and obtain a judgment against him. However, if the owner of the property expressly or *in some other way agrees* — " At this point in the charge counsel for the defendant interrupted the court:

"Mr. Wotton: That was contractor instead of materialman." The court then recharged as follows: "I beg your pardon if the word was 'contractor.' If, however, gentlemen, the owner of the property does employ a contractor and if the materials are sold by the materialman to the owner and not to the contractor, and if the owner in *some legal manner* agrees to pay for the same, then the materialman would not have to first file a suit against the contractor, but may, as contended by the plaintiff in this case, file a suit against the owner." The defendant contends that the phrase, "in some other way agrees," is abstractly inaccurate, incorrect, and harmful, in that it indicated that the owner could be held liable in other ways than by express contractual relationship between the property owner and the materialman. This portion of the charge was not erroneous for the reason assigned. The court in its recharge did not use the same expression, "in some other way agrees" and therefore the effect of the recharge was to eliminate from the charge that portion which the defendant assigns as error. Furthermore, the defendant should have assigned as error the failure of the court to discuss or point out "other ways" in which the plaintiff could be liable, instead of contending that the charge as given was erroneous. As we see it the charge was correct as far as it went, and if there was any error it was failure to charge in more detail. This ground is likewise without merit.

■ Special ground 9 complains of the following charge: "I wish to repeat that all this that I am stating to you as to the lien does not pertain to the question of a personal judgment against the plaintiff, except that I will repeat this: The first thing that you will determine is, shall the plaintiff recover from the defendant the price of the material furnished to the defendant as it contends it sold to her? That is the first part of your

verdict. You would pass on that first. Then, if you found for the plaintiff on that point, then you would pass on to the question of a materialman's lien upon her property. Now, the purport of what I have just given you is this: If the amounts paid out by the defendant, Mrs. Dowdle, under her original contract that is in evidence in this case, if you should add such sums, the amounts spent by her, if she spent it to complete the contract which was abandoned by the contractor, and deduct such amounts from the amount of her original contract price, any balance could be the amount of the lien; and if there was no balance, there would be no amount for a lien, but that would not affect the plaintiff's right to recover a personal judgment against her if, under all the other instructions I have given you, you find that plaintiff is entitled to a judgment." The defendant excepts to the above charge on the following grounds: "Said charge was (a) prejudicial and constituted an expression of opinion by the trial judge that the material was 'furnished to the defendant'; (b) was erroneous, misleading, and confusing on the question of lien, as under the charge of the court a finding for the plaintiff would automatically authorize, as a matter of law, a lien against the property, upon compliance with the provisions of law, whereas, if the material was furnished to a contractor, as contended by defendant, there could be no personal judgment against defendant; and (c) was erroneous, highly prejudicial, and an inaccurate statement of law, in that the judge charged the jury that the plaintiff's right or non-right to a lien 'would not effect the plaintiff's right to recover a personal judgment against defendant,' whereas, as a matter of law, under the contentions of the plaintiff, unless plaintiff was entitled to a lien it was not entitled to a judgment against defendant." Exception (a) is without merit, in that no expression of opinion was made by the judge because immediately after that portion of the charge complained of the judge charged, "as it contends it sold to her," which merely states the contention of the plaintiff. So far as exceptions (b) and (c) are concerned, the charge was harmful to the plaintiff rather than to the defendant, the complaining party, in that no special lien was rendered in favor of the plaintiff, and the defendant will not be heard to complain of an error in his favor. Whether the charge is otherwise right or wrong is not raised by any other assignment of error.

■ Ground 10 complains of the following charge: "Now, gentlemen, the court has not intended to intimate or express to you any opinion whatsoever as to any disputed fact in this case, any disputed issue, to express any opinion as to whether plaintiff should recover of the defendant a personal judgment or lien, or as to whether the plaintiff should recover. You will take the issues made between the parties from the petition and amendment and from the answer. If I have said anything contradictory to what is stated in these papers, you will let the papers themselves prevail as to the issues between the parties." The defendant contends that the effect of this charge was to exclude from consideration by the jury the issues made by the evidence and limit them solely to the issues in the pleadings. We are of the opinion that there were no issues raised by the evidence which were not also presented by the pleadings. This ground also is without merit.

■ Special ground 11 complains of the court's refusal to charge the defendant's written request to the effect that the evidence showed that the defendant employed a contractor to erect improvements for a stated sum, to cover labor and material, and in such a case the contractor must be sued first or with the defendant, and therefore a verdict for the defendant was demanded. This request was properly refused because the request was in effect a motion for a directed verdict, and it is never error to refuse to direct a verdict.

■ Special ground 12 assigns as error the judgment of the court inserting interest in addition to the principal sum, when the jury made no finding of interest in its verdict. This ground is without merit, because "a motion for a new trial is not the proper means for correcting an error in a decree alleged to be unwarranted by the verdict and pleadings." *Berry* v. *Clark*, 117 *Ga.* 964 (4), 968 (44 S. E. 824); *Thomas* v. *Clarkson*, 125 *Ga.* 72 (7) (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317), and cit.

■ The jury was authorized to find from the evidence that a contract existed between the plaintiff and the defendant whereby the defendant agreed to pay for the material furnished for the improvement of her property; that the material in question was delivered and used in the improvement of the defendant's prop-

erty; and that, therefore, the defendant was liable for the account sued for.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*