## FIRST STATE BANK *v.* CARVER.

FISH, J.  1. When two fi. fas. in favor of the same plaintiff were levied upon realty which was claimed by a third person under a deed from the defendant in execution, of older date than the plaintiff's judgments, and before the trial of the claim case the plaintiff filed an equitable amendment in aid of his levies, to which there was no demurrer and upon which the parties went to trial and in the course thereof really contested over only two issues, viz.: (1) whether the deed under which the claimant asserted title was one of bargain and sale, or had merely been given to secure a debt, and (2), if the latter, what was the amount of that debt, the plaintiff in the amendment referred to conceding the priority of this

debt over his executions, and praying that the property be sold under his fi. fas. and that out of the proceeds thereof the amount due to the claimant should be first paid : *Held*, (*a*) that a refusal to dismiss one of the levies, even if based on a good ground, resulted in no injury to the plaintiff ; (*b*) that, in such a case, giving a charge which restricted the verdict to be rendered by the jury to a mere general finding as to whether or not the property was subject, was an error requiring a new trial ; (*c*) that a verdict rendered on such a trial, which simply found that the property levied upon was subject, without more, did not cover the issues submitted.

2. That a judgment does not follow, or is not authorized by, the verdict upon which it is entered, is not a good ground of a motion for a new trial.

3. On the trial of a claim case, wherein a corporation was the claimant, a memorandum in the form of a written statement, in reference to a question involved in the case, made and delivered to the plaintiff in execution by a person not shown to have been an officer, or an authorized agent, of the corporation at the time the memorandum was made and delivered, was not admissible in evidence, over the objection of the claimant.

4. When the value of given realty at a specified date was a material inquiry, there was no error in rejecting evidence tending to show what it brought at a public sale had several years thereafter.

*Judgment reversed. All the Justices concurring.*

Argued July 25, — Decided August 9, 1900.

Levy and claim.　Before Judge Sheffield.　Terrell superior court.　December 2, 1899.

*M. C. Edwards, Jr.*, and *J. G. Parks*, by *Hoke Smith & H. C. Peeples*, for plaintiff in error.　*Worrill & Laing*, contra.