## BLACKBURN *et al. v.* WOODWARD, administratrix.

1. The uncontroverted evidence demanding a finding in favor of the defendant, the court did not err in directing a verdict accordingly.
2. "It has been so repeatedly ruled that assignments of error in admitting evidence can not be considered when it does not appear what objection was made to the evidence at the time it was offered. in the trial court, that the practice on this question ought to be considered as finally settled."
3. An assignment of error in excluding evidence must, to entitle it to consideration, on its face disclose, either literally or in substance, what the evidence was.
4. "Alleged error in rejecting a record offered in evidence can not be considered, unless the record is either set forth or so described as to enable this court to determine whether or not it was pertinent and material." *McElhannon* v. *State,* 99 *Ga.* 672.

Argued March 12,—Decided May 14, 1907.

Appeal. Before Judge Hammond. Richmond superior court. May 18, 1906.

E. B. Blackburn, S. H. Blackburn, and Louisa Hodges instituted a proceeding in the court of ordinary, against Gertrude Woodward, administratrix, to compel a settlement of the estate of Ashley O. Best, deceased, the plaintiffs claiming to be collateral kinsmen and heirs at law of the decedent, and entitled to a share of his estate.

The defendant filed her answer and an amendment thereto, setting up that she was the wife of the decedent and his sole heir. On the trial of the case, on appeal, in the superior court, it appeared, that in a suit brought by the said Best in the district court of Cook county, Illinois, against his then wife, Julia M. Best, she acknowledged service, and, on October 16, 1897, a divorce was granted; that on December 7, 1897, he was married to the defendant, under a license issued by the ordinary of Richmond county, Georgia; and that on May 20, 1899, the said Julia died. It was not denied that he and the defendant lived together as man and wife from the time of their marriage in December, 1897, till his death in March, 1900; but the plaintiffs sought to attack the validity of the second marriage by showing that he had never been legally divorced from the former wife, and, for this purpose, they attempted to impeach the decree of divorce, on the ground that the district court of Cook county, Illinois, had no jurisdiction to render it. The court ruled out the evidence tending to impeach the divorce proceedings, and directed a verdict in favor of the defendant; and to these rulings the plaintiffs excepted.

*H. B. Strange, Slater & Morgan, B. B. McCowen,* and *G. S. Johnston,* for plaintiffs.

*Hamilton Phinizy* and *Boykin Wright,* for defendant.

BECK, J. (After stating the facts.)

1. The court did not commit error in directing a verdict for the defendant. Under the undisputed evidence, there was a lawful, valid marriage between the defendant and Ashley O. Best, duly solemnized, the ceremony of marriage between the contracting parties having been performed by a minister of the gospel. This marriage of the defendant to Best occurred after the date of the decree of divorce between Best and a former wife, and when he was under no legal disability to contract marriage. When the decree of divorce and the record upon which it was predicated had been introduced in evidence and were permitted to remain there unimpeached, the court was authorized to hold that the marriage relation between Best and his former wife had been annulled. An attempt was made to impeach the divorce and the divorce proceedings, but the evidence by which it was sought to accomplish this was repelled; and error is assigned upon the rulings of the judge in excluding that evidence. After careful consideration, we are constrained to hold that the

exceptions to the rulings of the judge and the assignments of error thereon are so defectively and incompletely made that they do not present any question for decision.

The plaintiffs in error allege that "the court committed error in admitting in evidence, over the objections of the plaintiffs, a copy of the divorce proceedings in the circuit court of Cook county, Illinois, wherein Ashley O. Best was granted a divorce from Julia M. Best, and especially in ruling that Julia M. Best, a resident of Georgia, could acknowledge service in a divorce proceeding in Illinois; and specify the same as error." The very patent and fatal defect in this exception is that it fails entirely to show what objections were urged to the admission of the divorce proceedings. "It has been so repeatedly ruled that assignments of error in admitting evidence can not be considered when it does not appear what objection was made to the evidence at the time it was offered in the trial court, that the practice on this question ought to be considered as finally settled." *Young* v. *State, 95 Ga.* 456. Further excepting, the plaintiffs in error allege that "the court committed error in refusing to allow plaintiffs to attack the Illinois divorce proceedings, and ruling out the testimony introduced for this purpose, to wit, the testimony of J. O. Wicker, W. P. Morgan, and G. L. Rutherford; plaintiffs attempting to show by these witnesses that Ashley O. Best was not a bona fide resident of Illinois as claimed in said proceedings; and specify the same as error and assign error upon the same." This fails to reach the mark, because the evidence alleged to have been rejected is not set forth in substance, nor is it attached to the bill of exceptions as an exhibit. "An assignment of error in excluding evidence must, to entitle it to consideration, on its face disclose, either literally or in substance, what that evidence was." *Russell* v. *Mohr-Weil Lumber Co., 115 Ga.* 35. Equally defective is the following assignment: Plaintiffs in error allege that "the court committed error in refusing to allow plaintiffs to introduce record from the tax-collector's office, to show that Ashley O. Best, in 1895 and in 1896, returned poll-tax in Augusta, Georgia; the purpose of the testimony being to disprove allegations of divorce proceedings; and specify same as error and assign error upon the same." It is recited, in the last exception noted, that "the purpose" of plaintiffs in error in offering the testimony excluded was to disprove certain allegations in the divorce proceed-

ings.   But was there anything in the "record from the tax-collector's office" that would have the effect of disproving those allegations?   It is not stated; and what right have we to assume that it did?   See, in this connection, *McElhannon* v. *State,* 99 *Ga.* 672.

With the record and the decree in the divorce-proceedings in evidence and unimpeached, it was established beyond question that the defendant was the lawfully wedded wife of Ashley O. Best at the time of his decease, without reference to the testimony tending to show a common-law marriage; and a verdict so finding was the only one that could properly have been rendered.   It was demanded by uncontroverted evidence, and the court committed no error in directing it.

*Judgment affirmed.   All the Justices concur.*