## MORAN *v.* BANK OF FORSYTH *et al.*

1. It appearing that the answer of the defendant, which was stricken upon demurrer, sought to set up a defense which, under the facts in the case as disclosed by the record, the defendant was estopped from averring or proving, the ruling of the court sustaining the demurrer was not error.

2. Exceptions to the order of the court striking certain parties to the case, and striking certain portions of the pleadings, at the March term, 1906, made in the bill of exceptions sued out to review the final judgment rendered at the October term, 1906, can not be considered, no exceptions pendente lite having been filed to such rulings, and the final judgment having been rendered more than thirty days after the adjournment of the term of the court at which the rulings complained of were made.

Argued June 6,—Decided November 18, 1907.

Equitable petition. Before Judge Felton. Crawford superior court. October 23, 1906.

The Bank of Forsyth filed an equitable petition against T. J. Moran, H. P. Moran, and others. The object of the action was to enforce the collection of several notes held by the plaintiff against T. J. Moran and H. P. Moran, and to enjoin certain other named defendants from foreclosing their liens against T. J. and H. P. Moran so as to defeat petitioner's claims, and to adjust the rights of all of the creditors of said defendants. One of the notes held by the plaintiff was for $324, secured by the assignment to plaintiff of a bond for titles, which had been executed to T. J. Moran and H. P. Moran by the British & American Mortgage Co., to a certain tract of land in Crawford county. Another note for $330 was secured to the plaintiff by the assignment of a mortgage to an undivided three-fifths interest in the one hundred and thirty-five acres of land, said mortgage being executed by one Mrs. Fletcher to said H. P. Moran. The third note for $216 was secured by the transfer to the plaintiff of a note and mortgage executed by T. J. Moran to H. P. Moran, the mortgage covering an undivided one-fifth interest in said one hundred and thirty-five acres of land. The property involved in the litigation consisted of four hundred acres of land originally belonging to the estate of A. B. Moran, deceased, the father of T. J. Moran, H. P. Moran, Mrs. Fletcher, and Mrs. Wooten. Thereafter the British & American Mortgage Co. and Mrs. Fletcher and Mrs. Wooten were by amendment made parties plaintiff in the case. Several amendments were filed by the plaintiffs, praying that certain named grandchildren of A. B. Moran be made parties to the suit, and that the court construe certain items in the will of A. B. Moran.

T. J. Moran filed an amended answer in which he suggested the death of Mrs. Wooten, and prayed that the children of Mrs. Fletcher and Mrs. Wooten be made parties, and that the validity of the alleged sale by his mother, the executrix of A. B. Moran, of the one hundred and thirty-five acres of land to the five children be investigated, and that it be determined whether his title to the two-fifths interest in said one hundred and thirty-five acres, which he had purchased from his sister, Mrs. Fletcher, was good or not. It appears that he had taken a one-fifth interest in the land under said sale by his mother, and had purchased from his

sister a two-fifths interest in the same. He had conveyed his three-fifths interest to Davis & Co. to secure a debt, and received a bond for titles to reconvey. He had mortgaged his interest to his sisters, and had been in possession of the three-fifths interest for several years and enjoyed the use of the same. To this amended answer the plaintiffs demurred upon the ground that said defendant was estopped from contesting the validity of that sale or division of the estate, inasmuch as he had accepted said deed and held thereunder. The court sustained the demurrer and struck the amended answer, and the defendant excepted pendente lite. He also complains that at the March term, 1906, after the death of Mrs. Wooten and before her administrator was made a party, the court passed an order striking the children of Mrs. Wooten and Mrs. Fletcher from the case, and striking therefrom the prayer for the construction of the will of A. B. Moran. "All of which orders, rulings, and decisions of the court, the said T. J. Moran says were void and of no effect, for the reason that one of the parties plaintiff was dead, and no representation upon her estate."

At the next term of the court the administrator of Mrs. Wooten, deceased, was made a party to the action, and made no objection to the rulings complained of by the defendant. After the case had proceeded to trial and the jury had returned a verdict adverse to the defendant, he excepted and assigned error upon the above-mentioned rulings.

*L. D. Moore,* for plaintiff in error.

*J. M. Fletcher, H. A. Mathews, B. S. Willingham, F. Chambers & Son, R. L. Berner,* and *W. A. Scott,* contra.

BECK, J. (After stating the facts.)

1. We are of the opinion that the court committed no error in striking that portion of T. J. Moran's amended answer which "sets up that the sale of the land by Mrs. C. E. Moran to her children of the 135 acres is void." The said T. J. Moran had been a party to the sale which he now attacks as void; he had accepted title to one-fifth interest thereunder; he had purchased the interest of his two sisters therein; he had gone into possession of the same under said sale, and made no tender of the lands, rents or profits; he had sold this land to W. A. Davis, making him a deed thereto, and had mortgaged it to his sisters to secure a debt. He

had deeded and mortgaged that very interest in the land which it is now sought to subject to the claims of his creditors, and in both deed and mortgage had recited that he had title to that interest. In a mortgage which he executed to H. P. Moran is to be found the recital that the said T. J. Moran covenants with the said H. P. Moran that he "has good title and right to mortgage and convey the property aforesaid." And in a mortgage of Mrs. Fletcher to H. P. Moran is to be found a recital in similar terms. Both of these last-mentioned mortgages had been deposited by the plaintiff in error and his brother with the Bank of Forsyth to secure the payment of money. And we do not think that in this proceeding, instituted to collect that money, the plaintiff in error should be allowed to set up and maintain that the sale to himself and his sisters, upon the validity of which depends the value of the deeds and mortgages, was void. Against such a defense the doctrine of estoppel was properly applied.

2. The final verdict and decree as rendered at the October term, 1906, in so far as it affects the interest of the plaintiff in error, was not invalid for any reason disclosed by this record under the pleadings as they stood at that time. It is true that orders had been taken at the preceding March term, striking certain parties, and disallowing certain amendments over objections of the plaintiff in error. But the order of the court overruling the objections was not excepted to at the March term nor within thirty days thereafter, save in regard to striking that portion of the answer of the plaintiff in error which we have held above was properly stricken, and the attempted assignment of error upon the ruling of the court at the March term is made too late in the main bill of exceptions sued out to the court's final judgment at the October term.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*