STONE *v.* HEBARD LUMBER COMPANY.

FISH, C. J.  1. "An assignment of error in excluding evidence must, to entitle it to consideration, on its face disclose, either literally or in substance, what the evidence was." *Blackburn* v. *Woodward,* 128 *Ga.* 226 (57 S. E. 318). See also *Louisville &c. R. Co.* v. *Hughes,* 143 *Ga.* 206 (8), 209 (84 S. E. 451). Accordingly, a ground of a motion for new trial is incomplete and presents no question to this court for decision, which complains that the trial court erred "by ruling out and excluding from the evidence, on motion of plaintiff's counsel, all the deeds introduced by defendant, consisting of a deed from Mary E. Prescott to J. D. Hickox, also deed from said J. D. Hickox to Jesse Aldridge, also a deed from Jesse Aldridge to Medlin & Sundy, and also a deed from said Medlin & Sundy to the defendant, Lydia A. Stone, together with the deed from Jesse Aldridge to Medlin & Sundy; said deeds are set out and fully described in the brief of defendant's documentary evidence, approved and filed in this case, and to which reference is hereby made;  .  .  said deeds having been ruled out and excluded from the evidence, and a verdict directed as aforesaid, over the objection of defendant's counsel, then and there made to the effect that said deeds were properly admitted in evidence and should have been allowed by the court to remain therein."

2. The bill of exceptions recites that the court directed a verdict for the plaintiff; that defendant made a motion for new trial, which was overruled, and that she excepted. Other than the one dealt with in the foregoing headnote, the only grounds of the motion for new trial were as follows:  "1st. Because the verdict is contrary to evidence and without evidence to support it.  2nd. Because the verdict is decidedly and strongly against the weight of evidence.  3rd. Because the verdict is contrary to law and the principles of justice and equity." *Held:* There being no assignment of error upon the direction of the verdict (the only assignment of error being upon the order of the court denying a new trial), this court is without authority to decide whether or not the court erred in so directing. *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173).

3. There was evidence to support the verdict, and the court did not err in overruling the motion for new trial for any of the reasons assigned therein.                    *Judgment affirmed. All the Justices concur.*
          JULY 14, 1916. REHEARING DENIED SEPTEMBER 14, 1916.

Equitable petition.  Before Judge Summerall.  Charlton superior court.  July 17, 1915.

*J. L. Sweat,* for plaintiff in error.

*Wilson & Bennett,* contra.