## KELLEY *v.* CARTLEDGE.

FISH, C. J. The bill of exceptions recites: "After hearing the evidence the court directed the following verdict: 'We, the jury, find in favor of the injunction prayed in the within petition, and against the prayers of the answer and cross-bill;'" and that thereupon it was adjudged that the plaintiff recover for the use of the officers of court the costs in the case. There is a further recital that the defendant at a stated time filed a motion for new trial, that on a given date the motion was overruled, and that defendant "then and there excepted, and now excepts and assigns the same as error," because such judgment overruling the motion for new trial was error, "because same was: (1) Contrary to law. (2) Contrary to the evidence and without evidence to support it. (3) Contrary to the law and evidence and against the principles of justice and equity." The motion for new trial is on the usual general grounds that the verdict "is contrary to law, contrary to the evidence, and contrary to the law and evidence and against the principles of justice and equity."
*Held:*

1. There being no assignment of error upon the direction of the verdict, this court has no authority to decide whether the trial court erred in so directing. *Stone* v. *Hebard Lumber Co.*, 145 *Ga.* 729 (89 S. E. 814).

2. There was evidence sufficient to authorize the verdict, and the court did not err in refusing a new trial.

                       *Judgment affirmed. All the Justices concur.*

                No. 2074. FEBRUARY 19, 1921.

     Equitable petition. Before Judge Wright. Floyd superior court. May 12, 1920.

     *Harris & Harris,* for plaintiff in error.

     *Samuel A. Massell, Morris Macks,* and *Maddox & Doyal,* contra.