*Elders & Eason,* contra.

---

13605. DUTTON *v.* WOOD, solicitor-general.

STEPHENS, J. 1. Whether or not an automobile engaged in hauling intoxicating liquors along a public highway is exempt from confiscation under the prohibition laws of this State upon the ground that, at the time, the automobile was being used for the purpose of transporting the liquor to a Federal prohibition officer, to be used as evidence against another person from whom the liquor had been obtained in a prosecution for violating a criminal statute, in the instant case, which is a proceeding against the owner of the automobile to condemn the same upon the ground that it was engaged in hauling prohibited liquor along a public highway, no such defense is sustained by the evidence, since it appears, without dispute, that the owner of the automobile who was operating it was not a Federal officer but was a constable from another county, and that the person who he claimed was a Federal prohibition officer, and to and for whom he claimed to have been conveying the liquor for the purpose of being used in a criminal prosecution, was not in fact at the time a Federal prohibition officer, and it not appearing that he was an officer, and since the evidence therefore demanded as a matter of law a finding that the automobile was by the owner engaged in hauling prohibited liquors along a public highway, and that the automobile was not for any reason exempt from seizure and condemnation, a direction of a · verdict condemning the automobile and ordering it sold, even though the defendant did not except thereto within the statutory period, but giving him the benefit of the exception, was not, for any reason above indicated, error.

2. The exception to the direction of a verdict, contained in the bill of exceptions, having been made beyond the statutory period within which such exception could legally be made, and there being no exception to such direction in the motion for a new trial, this court is powerless to set aside the judgment upon any error of the court in directing a

verdict, and, as the motion for a new trial is only based upon the general grounds, the general grounds only can be considered.

3. The finding as to the value of the automobile, in the verdict against the principal and sureties upon the claim bond filed by the defendant, being supported by the evidence, and the evidence otherwise authorizing the verdict rendered for the plaintiff, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

. DECIDED FEBRUARY 8, 1923.

Condemnation under liquor law; from Cobb superior court — Judge Blair. April 15, 1922.

*Fred Morris,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.