### ALLEY *et al.* v. CANDLER.

HINES, J. 1. The grounds of a motion for new trial were, (1) that the verdict is contrary to evidence, and without evidence to support it, (2) that it is decidedly and strongly against the weight of the evidence, and (3) that the verdict is contrary to law and the principles of justice and equity. In the bill of exceptions error is assigned upon the judgment of the court overruling the motion for new trial. Under such an assignment of error, this court is without jurisdiction to decide whether the trial court erred in directing a verdict for the propounder. *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173); *Stone* v. *Hebard Lumber Co.,* 145 *Ga.* 729 (89 S. E. 814); *Madden* v. *Beckham,* 21 *Ga. App.* 653 (94 S. E. 814); *Moore* v. *Butler,* 150 *Ga.* 154 (103 S. E. 154); *Kelley* v. *Cartledge,* 151 *Ga.* 179 (106 S. E. 93).

2. The court did not err in overruling these general grounds of the motion for new trial.

3. A verdict was directed for the propounder on Oct. 17, 1922. On the next day the caveators filed their motion for a new trial. This was during the September term, 1922, of Fulton superior court. The motion for new trial was overruled on Nov. 25, 1922, during the November term, 1922, of said court. On Dec. 14, 1922, the caveators sued out their bill of exceptions, in which they assigned error upon the judgment overruling their motion for new trial, and for the first time assigned error upon the direction of a verdict for the propounder. *Held,* that the direct assignment of error upon the direction of a verdict in behalf

of the propounder, when made for the first time in the bill of exceptions which was sued out more than thirty days after the adjournment of the term at which such ruling was made, comes too late. *Heery* v. *Burkhalter*, 113 *Ga.* 1043 (39 S. E. 406); *American Freehold &c. Co.* v. *Walker*, 115 *Ga.* 737 (42 S. E. 59); *Brandon* v. *Akers*, 134 *Ga.* 78 (3) (67 S. E. 540); *First National Bank* v. *Taylor*, 138 *Ga.* 119 (74 S. E. 783).

*Judgment affirmed. All the Justices concur, except Hill, J., disqualified.*

### No. 3563.  JUNE 7, 1923.

Appeal from probate of will.  Before Judge Ellis.  Fulton superior court.  November 23, 1922.

*P. Cooley, R. W. Crenshaw, Frank Embrey,* and *C. N. Anderson,* for plaintiffs in error.

*Candler, Thomson & Hirsch,* contra.