18112.　WAYCASTER *et al. v.* SUGAR HILL LOCAL TAX
SCHOOL DISTRICT *et al.*

The assignments of error as to the exclusion of evidence are not in proper
form for consideration; and the judgment validating the bonds must
be affirmed.

DECIDED JULY 14, 1927.

Validation of schoolhouse bonds; from Gwinnett superior court
—Judge Stark.　March 15, 1927.

*John C. Houston,* for plaintiffs in error.

*W. L. Nix, Pemberton Cooley, solicitor-general,* contra.

LUKE, J.　Intervenors in a proceeding to validate bonds for
building and equipping a school assign error upon the exclusion of
certain evidence offered by them.　The rulings excluding this evi-
dence were controlling, and the decision of the case hinges upon
whether or not the assignments of error thereon sufficiently dis-
close the evidence in question.　The first assignment alleges that
"Plaintiffs in error offered evidence to the court to prove. that"
forty-eight of those voting at said election (naming them) had
not paid State, county, and poll-taxes for the year 1926; and also
"offered evidence" that all said voters, except one, voted for bonds.
The second assignment states that the "plaintiffs in error then
offered evidence that twenty-one of those' voting at said election
[naming them] registered since the last general election held in"
Gwinnett county;　that their names were not on the voters' list
filed in the clerk's office by the registrars of said county in 1926;
and that "they also offered the evidence of the tax-collector of said
county" that he had made no supplemental list containing said
names for the registrars.　The next assignment states that the
"plaintiffs in error then offered evidence" that seven of those vot-
ing at said election (naming them) did not sign a voters' book
until January 10, 1927.　The next assignment states that the
"plaintiffs in error then tendered evidence" that the tax-collector
did not close his voters' book within five days after the call of
the election, and did not furnish the registrars with any list of
those voters registered since the last election who resided in said
tax district.　The last assignment states that "plaintiffs in error
then tendered evidence" that seventeen women (naming them)

Appeal and Error, 3 C. J. p. 1370, n. 34.

6

who voted at said election were each over the age of twenty-two years when they registered, and had not paid any poll-tax for the year 1926, or any previous year.

1. "An assignment of error in excluding evidence must, to entitle it to consideration, on its face disclose, either literally or in substance, what the evidence was." *Blackburn* v. *Woodward,* 128 *Ga.* 226 (3) (57 S. E. 318); *Slone* v. *Hebard Lumber Co.,* 145 *Ga.* 729 (89 S. E. 814); *Jones* v. *Cole,* 139 *Ga.* 596 (77 S. E. 810).

2. Measured by the foregoing rule, the assignments of error in this case are fatally defective and can not be considered by this court, and the judgment validating the bonds must be affirmed.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*