## COLLINS v. COLLINS.

No. 6694. MARCH 14, 1929.

*Claude Christopher,* for plaintiff in error.
*H. J. Kennedy,* contra.

RUSSELL, C. J. This is the second appearance of this case in this court. Its previous appearance is reported in 165 *Ga.* 198 (140 S. E. 501). At that time the exception was to the judgment in overruling demurrers to the petition brought by W. M. Collins against Vienna Collins, to set aside and annul a compromise between the parties of Vienna Collins's suit for alimony then pending in the superior court of Lamar County. This court affirmed the judgment overruling the demurrers to the petition. The allegations of fact upon which the suit of the plaintiff W. M. Collins was based are fully set forth in *Collins* v. *Collins,* supra, and need not be repeated. In ruling upon the validity of the facts alleged to withstand the demurrers by which the petition was assailed, this

court held: "1. Where a woman having a living husband marries another man, the second marriage is void. Civil Code (1910), §§ 2930, 2931, 2935; *Curlew* v. *Jones,* 146 *Ga.* 367 (91 S. E. 115); *Perkins* v. *Levy,* 158 *Ga.* 896 (124 S. E. 799). 2. The second marriage being void, the woman can not recover alimony from the man she so marries. *Morgan* v. *Morgan,* 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925). 3. A married woman who marries another man, knowing that her husband is still living, and when the marriage has not been dissolved by divorce, perpetrates a fraud upon the man whom she so marries and who is ignorant of her existing marriage, without disclosing to him her existing marriage. Civil Code (1910), §§ 4622, 4624, 4627. 4. When fairly made, courts always favor the compromise of doubtful rights, and they are binding notwithstanding it may eventually turn out that the point of law was in favor of the party complaining. Even a fraud may be compromised, provided the party had knowledge of its existence, and entered into the agreement to have his rights springing from or growing out of it settled. But a compromise effected by fraud, imposition, breach of confidence, or mistake is invalid and will be set aside. *Bass* v. *Bass,* 73 *Ga.* 134 (c); *Preston* v. *Ham,* 156 *Ga.* 223, 234 (119 S. E. 658); *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269 (91 S. E. 346). 5. Where a married woman married another man in the circumstances narrated above, and, after separating from him, brought suit for alimony against him as her husband, and he, having married her in ignorance of her existing marriage which she concealed from him, and believing that she was his lawful wife, entered into an agreement by which he settled her claim for alimony, and in pursuance of such agreement conveyed to her a life-estate in a house and lot, such compromise agreement and conveyance were effected by a fraud perpetrated on him by the woman, and, under the facts alleged in the petition (which are admitted by the demurrer to be true), are invalid and will be set aside."

Upon the trial now sub judice the testimony in behalf of the plaintiff tended to establish the allegations of the petition. However, the testimony of the defendant was to the effect that she did not tell the plaintiff before her intermarriage with him that her former husband was dead, but instead told him the truth, that she had had a former husband, that she had not heard of him for more

than seven years, and that she had heard that he was dead. Upon the conclusion of the testimony the judge directed a verdict in favor of the plaintiff, and annuled the deed by which the plaintiff had conveyed a life-estate in certain realty in Barnesville in settlement of the defendant's claim of alimony. The defendant made a motion for a new trial, based upon the usual general grounds, and by amendment added the following ground: "The verdict of the jury was not warranted, due to the fact that the evidence produced on the trial by the plaintiff did not support the allegations of the plaintiff's petition; that is to say, the probata does not correspond to the allegata, and there is material variance between the allegations of the plaintiff's petition and the evidence introduced on the trial in support." The court overruled the motion for a new trial, and exception was taken to that judgment. It is earnestly and ably argued in the brief of counsel for the plaintiff in error that the court erred in directing the verdict; that it was for the jury to determine whether the testimony of the plaintiff or of the defendant represented the truth as to the representations made by the defendant as to her marital status at the time she contracted marriage with the plaintiff. There is force in the argument; for if the plaintiff married the defendant with full knowledge in relation to the existence or death of Sidney Smith, whom the defendant had married in 1894, nearly fifteen years before she contracted marriage with the plaintiff, the defendant did not perpetrate a fraud upon the plaintiff, for his knowledge in regard to Sidney Smith was as ample as that of the defendant and his means of obtaining information were equal to hers.

However, in the state of the record this court is unable to pass upon the question to which we have just adverted. There is no assignment of error in the motion for a new trial raising the point that the court erred in directing a verdict because there were questions of fact which should have been submitted to the jury. The grounds of the motion for a new trial stating that the verdict was contrary to the evidence, contrary to law and the principles of justice and equity, do not present the point. *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434) ; *Kearce* v. *Davis,* 165 *Ga.* 168 (140 S. E. 287). The only exception to the direction of the verdict is contained in the bill of exceptions. As no exceptions to the direction of the verdict were preserved pendente lite, the excep-

tion sought to be made in the bill of exceptions comes too late to be considered. The trial was had on March 5, 1928, and the bill of exceptions filed upon the overruling of the motion for a new trial was not presented until June 11, 1928. This court is therefore remitted to the consideration of the assignments of error as contained in the grounds of the motion for a new trial. It can not be said that the verdict is contrary to the evidence, because there is evidence on the part of the plaintiff to support the verdict; and the case seems to be controlled by the ruling in *Pennaman* v. *Pennaman*, 153 *Ga.* 647 (112 S. E. 829). The fourth ground of the motion raises only the question as to whether there was a material variance between the allegations on the part of the plaintiff and the proof in support of his petition. As will be seen from this ground as set forth above, there is no statement sufficiently specific to enable this court to determine, without reference to the evidence, how or in what respect the variance arises, and this assignment presents nothing for the consideration of the court. So we are of the opinion that the court did not err in overruling the motion for a new trial.     *Judgment affirmed. All the Justices concur.*