### RYALS *v.* ATLANTIC LIFE INSURANCE COMPANY.

ATKINSON, Justice. In the instant case a direct bill of exceptions assigned error on the striking of the defendant's answer. The writ of error was dismissed by the Supreme Court, and direction was given that the official copy of the bill of exceptions of file in the office of the clerk of the trial court operate as exceptions pendente lite. *Ryals* v. *Atlantic Life Insurance Co.,* 181 *Ga.* 843 (184 S. E. 698). This order was complied with. The case was tried, and on June 9 the judge directed a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled on August 19. In the bill of exceptions to this judgment the former bill of exceptions was specified as part of the record to be sent up, and a copy of it was included in the transcript of record; but there was no assignment of error on such exceptions pendente lite, or upon the original judgment striking the

answer. The only assignments of error are in these words: (1) "When the evidence was all in and both sides announced closed, counsel for the plaintiff moved the court to direct a verdict for the plaintiff, which motion the court sustained. The said defendant then and there excepted to same and now excepts to the same, and assigns the same as error." (2) "The judge . . on the 19th day of August, 1936, passed an order denying the said motion for a new trial, to which said order the said defendant then and there excepted, and now excepts to the same, and assigns the same as error." *Held:*

1. The assignments of error do not authorize consideration of the exceptions pendente lite, or the original rulings to which they relate. Code, § 6-1305: *Alexander* v. *Chipstead*, 152 *Ga.* 851 (111 S. E. 552). Accordingly no ruling will be made upon any question of error in striking the defendant's answer, which was complained of only in the exceptions pendente lite.

2. The foregoing ruling leaves for disposition the assignments of error relating to the verdict. The first of these is a direct assignment of error in the bill of exceptions. This can not be decided, because the bill of exceptions was not presented to the judge within the time allowed by law for excepting to a judgment. The second relates to the motion for a new trial based on the general grounds, and on certain special grounds elaborating the general grounds and complaining ·of the direction of the verdict. A careful consideration reveals that the verdict was demanded by the plaintiff's evidence.

*Judgment affirmed. All the Justices concur.*

No. 11690. May 17, 1937. Rehearing denied June 21, 1937.

*G. W. Lankford* and *W. T. Burkhalter,* for plaintiff in error.
*George H. Harris,* contra.