SMITH *v.* WOOD *et al.*

BELL, Justice. 1. Since the motion for new trial did not complain of the direction of the verdict, and exceptions to such ruling were taken only in the bill of exceptions, which was tendered for certification more than 30 days after the adjournment of the term at which such ruling was made, the exceptions were presented too late to authorize any decision thereon by this court. Code, §§ 6-902, 6-905; *Alley* v. *Candler*, 155 *Ga.* 739 (3) (118 S. E. 354); *Collins* v. *Collins*, 168 *Ga.* 269 (147 S. E. 567); *Ryals* v. *Atlantic Life Insurance Co.*, 184 *Ga.* 556 (2) (192 S. E. 38); *Carr* v. *Morris*, 17 *Ga. App.* 45 (86 S. E. 94); *Cole* v. *Sandefur-Harwell Clothing Co.*, 28 *Ga. App.* 51 (110 S. E. 326); *Miller* v. *Feagin*, 28 *Ga. App.* 189 (110 S. E. 508); *Dutton* v. *Wood*, 29 *Ga. App.* 466 (2) (115 S. E. 915); *Sinclair Refining Co.* v. *Giddens*, 54 *Ga. App.* 69 (9) (187 S. E. 201).

2. "'Objections which go to the judgment only, and do not extend to the verdict, can not properly be made grounds of a motion for new trial. . . No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.' *Berry* v. *Clark*, 117 *Ga.* 964 (44 S. E. 824)." *Barber* v. *Barber*, 157 *Ga.* 188 (121 S. E. 317); *Shellnut* v. *Shellnut*, 188 *Ga.* 306 (3 S. E. 2d, 900). While in the instant case the bill of exceptions assigned error directly on the decree, no exceptions pendente lite were filed, and under the ruling made in the preceding note the exceptions to the decree, taken only in the bill of exceptions, were not presented within sufficient time to invoke any ruling thereon by this court. See *First State Bank* v. *Carver*, 111 *Ga.* 876 (2) (36 S. E. 960); *Moran* v. *Bank of Forsyth*, 129 *Ga.* 599 (2) (59 S. E. 281); *Mendel* v. *Converse*, 30 *Ga. App.* 549 (13) (118 S. E. 586); *Ellis* v. *Hopps*, 30 *Ga. App.* 453 (15) (118 S. E. 583).

3. After the former decision in this case (*Smith* v. *Wood*, 186 *Ga.* 214, 197 S. E. 246), the action was converted by amendment into a complaint for land by the main petitioner. The evidence showed without dispute that before the suit was filed the defendant, with two other persons, had executed a warranty deed conveying the land to such plaintiff, and authorized the inference that the transaction was free from fraud and otherwise valid. In these circumstances, the defendant could not defend by showing an outstanding title in another person or persons. *Walker* v. *Walker*, 139 *Ga.* 547 (5) (77 S. E. 795); *E. Tris Napier Co.* v. *Daniels*, 147 *Ga.* 9 (92 S. E. 650); *Martin* v. *Citizens Bank of Marshallville*, 177 *Ga.* 871 (171 S. E. 711); *Shockley* v. *Storey*, 185 *Ga.* 790 (2) (196 S. E. 702).

4. The evidence authorized the verdict for the plaintiff, and the court did not err in refusing a new trial. See *Alley* v. *Candler*, supra.

*Judgment affirmed. All the Justices concur.*

No. 12984. FEBRUARY 17, 1940.

*H. J. Lawrence,* for plaintiff in error. *M. E. Wood,* contra.