## 33094.   LANGFORD *et al. v.* EDMONDSON.

Decided October 19, 1950.

*G. A. Huddleston,* for plaintiffs in error.

*Raymond W. Martin,* contra.

WORRILL, J. ■ The third special ground of the motion for a new trial is in the following language: "Because the court directed a verdict against movants at the conclusion of the introduction of evidence. That the case should have been submitted to the jury and the refusal to do so was hurtful to movants because there was not sufficient evidence to authorize a verdict against movants and said verdict was contrary to the evidence and the law governing the case." This is the only ground that purports to assign error on the action of the court in directing the verdict and as will be seen the only reason assigned as to why the verdict was improperly directed is that "there was not sufficient evidence to authorize a verdict against movants and said verdict was contrary to the evidence and the law governing the case." This is nothing more than an amplification and restatement of the general grounds of the motion, and under the repeated rulings of this court and of the Supreme Court is not a sufficient assignment of error to raise the question of the propriety of the judgment directing the verdict. See, for example, *Head* v. *Towaliga Falls Power Co.,* 27 *Ga. App.* 142 (107 S. E. 558) ; *Stone* v. *Hebard Lumber Co.,* 145 *Ga.* 729 (2) (89 S. E. 814) ; *Alley* v. *Candler,* 155 *Ga.* 739 (1) (118 S. E. 354). In this connection, then, we have for consideration only the question of whether the evidence authorized the verdict directed. The evidence, while conflicting in some material particulars, was sufficient to support the verdict, and the trial court did not err in overruling the motion for a new trial on the general grounds, and on the third special ground.

■ The second special ground of the motion for a new trial complains because the court excluded testimony by Woodrow Shelton that all of the money received by him was applied by him to debts which would have been liens against the property of the defendants. While it is competent for the owner of the real estate to defend the foreclosure of a materialman's lien by showing that he has paid to the prime contractor the full contract

price and that the prime contractor has in turn applied such proceeds to accounts which would or might have become liens against the property (*Tuck* v. *Moss Manufacturing Co.*, 127 *Ga.* 729 (1), 56 S. E. 1001), nevertheless we think that the trial court correctly excluded the testimony of Shelton, as offered in this case, on the ground that such testimony was a mere conclusion unsupported by any facts. Shelton did not testify as to whom or for what such funds received from the defendant were disbursed by him, and, in the absence of some factual showing, such testimony was not sufficient to satisfy the requirements of law.

■ The first ground of the amendment to the motion for a new trial assigns error on the refusal of the trial court to grant a nonsuit at the conclusion of the plaintiff's evidence, on the ground that no suit against the prime contractor for the recovery of the amount due had been filed by the plaintiff. It is well settled that exceptions to the refusal of the trial court to grant a nonsuit may not be made the ground of a motion for a new trial. *Don* v. *Don*, 163 *Ga.* 31 (3) (135 S. E. 409); *Willis* v. *Seiberling Rubber Co.*, 44 *Ga. App.* 468 (8) (161 S. E. 789).

■ With respect to the general grounds and the right of the plaintiff to maintain this action without first suing the prime contractor, Shelton, the evidence in this case sufficiently shows that the prime contractor, Shelton, had been adjudicated a bankrupt and that he had by the judgment of the United States District Court of the Northern District of Georgia, been discharged from his civil liabilities. Under such state of facts the provisions of the second paragraph of subsection 3 of § 67-2002 (Ga. Code, Ann. Supp.) would seem to apply. The pertinent portion of the paragraph is as follows: "In the event any contractor procuring material, labor or supplies for building, repairing or improving any real estate, building, or other structure shall abscond or remove from the State within 12 months from the date such labor, supplies or material are furnished him, so that personal jurisdiction cannot be obtained of said contractor in a suit for said material labor or supplies, or if, after the filing of suit against such contractor, no final judgment can be obtained against him for the value of such material, labor or supplies, by reason of the bankruptcy of said contractor and his subsequent

discharge from civil liabilities, then and in any of said events, the person or persons so furnishing material, labor or supplies shall be relieved of the necessity of obtaining judgment against such contractor as a prerequisite to enforcing a lien against the property improved by said contractor, and may, subject to the provision of section 67-2001, enforce said lien directly against the property so improved, in an action against the owner thereof, but with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of said property." The only reasonable construction of the provisions of this paragraph as applied to the facts of this case is that, where the prime contractor is adjudicated a bankrupt during the time the materialman or laborer is performing his contract, the said materialman or laborer is relieved of doing an obviously useless thing in bringing suit against the bankrupt prime contractor before perfecting his lien against the improved property. For this reason the trial court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*