34209.   EPPS *v.* HOWARD.

D<small>ECIDED</small> O<small>CTOBER</small> 17, 1952—R<small>EHEARING</small> <small>DENIED</small> N<small>OVEMBER</small> 21, 1952.

278

*Frank G. Wilson*, for plaintiff in error.

*Robert V. Jones Jr., Johnson & Jones*, contra.

FELTON, J. This case is controlled by the ruling in *Lyle v. Mandeville Mills*, 68 *Ga. App.* 88 (22 S. E. 2d, 186). The contract in this case was endorsed with recourse by Epps. The procedure by which the finance company took possession of the automobile and then delivered it to Epps together with a retransfer of the contract was very unusual, but under the facts the case will be treated as if Epps repossessed the automobile after he received the contract by retransfer; and since the plain-

tiff sought recovery under the theory of a legal repossession and sale under power, he cannot and does not complain of the manner in which the vehicle was repossessed and resold. The plaintiff in error urges two very strong arguments against the lower court's judgment. One is that there was no evidence of the amount due on the contract at the time of the retransfer, and that it might have been resold to Epps at a discount. Under certain circumstances this argument might be plausible, but we do not think that it is sound under the facts of this case. The automobile at the time of repossession was worth more than the actual balance due on the contract and the retransfer was executed under the provision of the original contract of transfer with recourse. Under such circumstances, in the absence of any evidence showing otherwise, there was a permissible inference, if not a presumption, that the consideration for the transfer was the actual amount due on the contract at the time, and that the unearned interest and insurance premium, or whatever refund there was on the latter, were applied as credits on the contract. It would be most irrational to assume or suspect that the finance company would suffer a loss on a retransfer to one whose obligation it was to guarantee the full payment of the contract, especially when there is no intimation of the insolvency of Epps or danger of loss because of the lesser value of the automobile. The other very plausible argument is that, where interest is included in the instalments, as here, and there is no provision for prepayment privileges, the debtor could default in bad faith, have the whole sum declared due, and thereby obtain advantage of the prepayment privilege and save unearned interest and insurance premium. It is true that such a plan might be successfully used, and would be improper if done for an improper purpose, if, as a practical matter, a person could realize such an advantage when the cost of retaking, repairing, and reselling are taken into consideration. But it is hard to write a law that will fit any situation that might arise. Public policy many times compels the declaration of rules which work hardship in individual instances, but which are salutary, promote square dealing, and prevent frauds in the general run of affairs. The parol-evidence rule is a shining example. The good done by the rule providing against unjust enrichment in

cases of unfortunate debtors to protect them against the payment of unearned interest, premiums, etc., so far outweighs the injustices which can be done by reason of the rule that it would not accord with common sense or good judgment to destroy the law because forsooth it might be used for improper motives. Besides, the harm done by improperly accelerating the maturity of a contract to save unearned interest is so slight as to be negligible. And, too, there is no law or rule which requires that a contract provide for the acceleration of maturity. Businessmen can know the law and provide against the improper use of what seems to us to be a wise rule.

It is contended that the court erred in not submitting the issues to a jury. The motion for a new trial was based only on the general grounds, and since there is no exception to the direction of the verdict, this court cannot consider that question. *Head* v. *Towaliga Falls Power Co.*, 27 *Ga. App.* 142, 143 (107 S. E. 558); *Kelly* v. *Cartledge*, 151 *Ga.* 179 (106 S. E. 93).

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*